UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 - 12597 WGY

|  |  |
|---|---|
| | ) |
| AMERICAN HOME | ) |
| ASSURANCE COMPANY, | ) |
| **Plaintiff** | ) |
| | ) |
| | MAGISTRATE JUDGE |
| | CIVIL ACTION NO. |
| v. | ) |
| | ) |
| MAINE COAST MARINE | ) |
| CONSTRUCTION, INC. and | ) |
| GUY SPLETTSTOESSER | ) |
| **Defendants** | ) |
| | ) |

FILED
CLERKS OFFICE

DEC 13 A 11: 42

DISTRICT COURT
DISTRICT OF MASS.

RECEIPT # ___ 60787
AMOUNT $ 150
SUMMONS ISSUED Yes
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 12/13/04

## PLAINTIFF'S COMPLAINT

NOW COMES the Plaintiff, American Home Assurance Company, in the above

entitled action, by and through its undersigned attorneys, Holbrook & Murphy, and

respectfully files its Complaint, seeking damages, along with costs, interest and

reasonable attorneys' fees in connection with, and arising out of, the grounding of the Tug

SEAWIND and Barge DS64 in Newbury, Massachusetts.

## JURISDICTION

1.      This is a case of admiralty and maritime jurisdiction, as hereinafter more

fully appears, within the meaning of Rules 9(h), 38(e) and 82 of the Federal Rules of

Civil Procedure over which this Honorable Court has jurisdiction pursuant to Title 28

U.S.C. §1331 and Title 28 U.S.C. §1333.

## BACKGROUND

2.      Upon information and belief, at all times material hereto, Fore River Dock & Dredge, Inc. (hereinafter "Fore River"), was and now is, a corporation duly organized and existing by virtue of the laws of the State of Maine, with a principal place of business at 446 Commercial Street, Portland, Maine 04101.

3.      Upon information and belief, at all times material hereto, C.B. Marine Corporation (hereinafter, "C.B. Marine"), was and now is, a corporation duly organized and existing by virtue of the laws of the State of Maine, with a principal place of business at 446 Commercial Street, Portland, Maine, 04101.

4.      Upon information and belief, at all times material hereto, Roger A. Hale, was and now is an individual residing within the State of Maine. Roger A. Hale was the founder of Fore River.

5.      Upon information and belief, at all times material hereto, Fore River, C.B. Marine and Roger A. Hale owned the Tug SEAWIND, the Barge DS64 and the barge's cargo and equipment, including one LIMA 1200 S.C. Crane.

6.      The Tug SEAWIND is a 25.5 foot steel-hulled push boat with a flat bottom and a blunt raked bow and stern.

7.      Upon information and belief, the Crane Barge DS64 was fitted with a 1973 crawler type boom crane on the forward end. The crane was secured to the barge by turnbuckles and had not been removed from the barge for a period of over 10 years.

8.      On or about December 11, 2002, Fore River leased and operated the Tug SEAWIND and Barge DS64 pursuant to a written agreement.

## THE PARTIES

9.      The plaintiff, American Home Assurance Company (hereinafter "American Home"), was and now is and at all pertinent times hereto, a corporation duly organized and existing by virtue of the laws of the State of New York, with a principal place of business at 70 Pine Street, New York, New York, 10270. American Home is in the business of, *inter alia*, underwriting marine risks.

10.     Fore River, C.B. Marine and Roger A. Hale (hereinafter collectively, "the Assureds"), entered into a contract of marine insurance, Protection & Indemnity Policy No. B208102, along with various endorsements (hereinafter the "P&I Policy") as named Assureds, with American Home. American Home agreed to insure the Assureds' vessels, Tug SEAWIND and Barge DS64, among others, pursuant to the policy's terms, conditions and limitations, against certain perils for the period of May 1, 2002 to May 1, 2003.

11.     Upon information and belief, at all times material hereto, defendant, Maine Coast Marine Construction, Inc., (hereinafter "Maine Coast Marine") was a corporation duly organized and existing by virtue of the laws of the State of Maine. At all times material hereto, Maine Coast Marine was in the business of, *inter alia*, providing maritime personnel to man, operate, control, navigate and captain vessels.

12.     Upon information and belief, at all times material hereto, Guy Splettstoesser was an individual residing within the State of Maine. At all times material hereto, Guy Splettstoesser was a principal of Maine Coast Marine.

13.     At all times material hereto, Guy Splettstoesser was in the employ of Maine Coast Marine and acting within the course and scope of his employment.

## THE GROUNDING

14.    Prior to December 11, 2002, the Assureds contracted with Maine Coast Marine and Guy Splettstoesser for the defendants to provide a qualified captain to man, operate, control, navigate and captain the Tug SEAWIND and Barge DS64.

15.    Pursuant to contract, on or about December 11, 2002, defendants Maine Coast Marine and Guy Splettstoesser provided the said Guy Splettstoesser to man, operate, control, navigate and captain the Tug SEAWIND and Barge DS64. As Master, Guy Splettstoesser was in overall command of the vessels and owed the vessels' owners the duty of exercising the highest degree of care for the safety and protection of the vessels and their crew.

16.    At all times material hereto, the vessels were in the care, custody and control of Maine Coast Marine and Guy Splettstoesser, and the defendants were responsible for protecting and preserving said property.

17.    At the time defendants Maine Coast Marine and Guy Splettstoesser took control of the Tug SEAWIND and Barge DS64, the vessels were in all respects seaworthy and in good, undamaged and serviceable conditions.

18.    On or about December 11, 2002, the Tug SEAWIND and Barge DS64 and related equipment grounded on the beach near Plum Island, at the mouth of the Merrimack River in or around Newburyport, Massachusetts. At the time of the grounding, Guy Splettstoesser was the vessels' Master.

19.    The grounding of the Tug SEAWIND and Barge DS64 was directly and proximately caused by the defendants' negligence and breaches.

4

20.     As a direct and proximate result of the defendants' negligence and breaches, the plaintiff's Assureds suffered damage to both vessels, as well as related damages, costs and expenses. The Barge DS64 was a complete and total loss. The plaintiff's Assureds had to salvage the Tug SEAWIND, to prevent it from becoming a complete and total loss.

21.     No fault or negligence for said grounding and damages can be attributed to the plaintiff's Assureds.

## CLAIMS

22.     As a direct and proximate result of the grounding and the defendants' negligence and breaches, the Town of Newbury, through its Conservation Commission, ordered the plaintiff's Assureds to remove the Tug SEAWIND and the Barge DS64 from the beach.

23.     Thereafter, through counsel, the plaintiff's Assureds made claim against American Home under the policy's wreck removal provision, for costs incurred for the removal of the Tug SEAWIND and Barge DS64.

24.     The Assureds have made claim under the policy for costs incurred in salvaging the Tug SEAWIND and for services rendered to mitigate damage to the Tug.

25.     The Assureds have made claim under the policy's wreck removal provision, for removal and disposal of the Barge DS64 and its equipment.

26.     The Assureds have made claim for costs incurred in providing security services and crowd control.

27.    On or about January 22, 2003, the Assureds, through counsel, made demand against American Home, as insurer, for payment of approximately $750,000 for their alleged losses and damages arising out of the grounding.

28.    The plaintiff, American Home, has made, and continues to make, payments for damages, costs and expenses arising directly out of the grounding, including but not limited to payments related to:  damage to the vessels, mitigating further damages, wreck removal, clean up costs, security costs, crowd control expenses, surveyors and investigative costs, attorneys' fees and other related costs and expenses.

29.    All of the aforementioned payments for damages, costs and expenses, were reasonably expended by the plaintiff American Home as a direct and proximate cause of the defendants' negligence and breaches.

30.    On or about February 19, 2003, American Home brought an action against the Assureds for a declaratory judgment to determine whether certain costs and expenses of, incidental to or arising out of the grounding of the Tug SEAWIND and Barge DS64 fall within the coverage of the contract of marine insurance, Policy No. B208102.  The extent of American Home's obligation and indebtedness to its Assureds, if any, has yet to be conclusively determined.

31.    The plaintiff has performed all conditions precedent to maintaining this action.

### COUNT I - NEGLIGENCE

32.    The plaintiff reiterates and reaffirms all of the allegations contained in Paragraphs One (1) through Thirty One (31) and incorporates same by reference herein.

33.    The defendants owed a duty to exercise reasonable care under the circumstances in the manning, crewing, captaining, operation, control and navigation of the Tug SEAWIND and Barge DS64.

34.    The defendants breached their duty to exercise reasonable care under the circumstances in the manning, crewing, captaining, operation, control and navigation of the Tug SEAWIND and Barge DS64, thereby proximately causing the plaintiff's damages.

WHEREFORE, the plaintiff respectfully prays that this Honorable Court award it compensatory damages to be determined at trial, along with interest, costs, expenses and reasonable attorneys' fees.

## COUNT II - BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE

35.    The plaintiff reiterates and reaffirms all of the allegations contained in Paragraphs One (1) through Thirty Four (34) and incorporates same by reference herein.

36.    The defendants agreed and warranted to man, crew, captain, operate, control and navigate the Tug SEAWIND and Barge DS64 in a workmanlike manner.

37.    The defendants breached its warranty of workmanlike performance, and carelessly and negligently performed the services required under contract, resulting in the aforesaid grounding of the Tug SEAWIND and Barge DS64.

38.    Neither the plaintiff, nor plaintiff's Assured were responsible for this breach or the vessels' grounding.

39.    The defendants' breach of their warranty of workmanlike performance proximately caused the plaintiff's damages.

WHEREFORE, the plaintiff respectfully prays that this Honorable Court award it compensatory damages to be determined at trial, along with interest, costs, expenses and reasonable attorneys' fees.

## COUNT III - BREACH OF CONTRACT

40.    The plaintiff reiterates and reaffirms all of the allegations contained in Paragraphs One (1) through Thirty Nine (39) and incorporates same by reference herein.

41.    The work performed by the defendants was performed pursuant to an agreement, express or implied, between the defendants and the plaintiff's Assureds.

42.    The work performed by the defendants was performed pursuant to an agreement, express or implied, that the defendants would care for, protect, safeguard and maintain the plaintiff's Assureds' vessels.

43.    The work performed by the defendants was performed pursuant to an agreement, express or implied, that the defendants would man, crew, captain, operate, control and navigate the Tug SEAWIND and Barge DS64 in a professional and competent manner and return the vessels to their owners undamaged.

44.    The defendants breached their contractual obligations, and carelessly and negligently performed the services required under contract, resulting in the aforesaid grounding of the Tug SEAWIND and Barge DS64.

45.    Neither the plaintiff, nor plaintiff's Assureds were responsible for this breach or the vessels' grounding.

46.    The defendants' breach of their contractual obligations, either express or implied, proximately caused the plaintiff's damages.

WHEREFORE, the plaintiff respectfully prays that this Honorable Court award it damages to be determined at trial, along with interest, costs, expenses and reasonable attorneys' fees.

## COUNT IV - INDEMNITY

47.    The plaintiff reiterates and reaffirms all of the allegations contained in Paragraphs One (1) through Forty Six (46) and incorporates same by reference herein.

48.    By virtue of the foregoing, the plaintiff is entitled to full indemnity from the defendants for all of its damages arising out of or incidental to the grounding of the Tug SEAWIND and the Barge DS64.

WHEREFORE, the plaintiff respectfully prays that this Honorable Court award it damages to be determined at trial, along with interest, costs, expenses and reasonable attorneys' fees.

## COUNT V - CONTRIBUTION

49.    The plaintiff reiterates and reaffirms all of the allegations contained in Paragraphs One (1) through Forty Nine (49) and incorporates same by reference herein.

50.    By virtue of the foregoing, the plaintiff is entitled to contribution from the defendants for all of its damages arising out of or incidental to the grounding of the Tug SEAWIND and the Barge DS64.

WHEREFORE, the plaintiff respectfully prays that this Honorable Court award it damages to be determined at trial, along with interest, costs, expenses and reasonable attorneys' fees.

AMERICAN HOME ASSURANCE
COMPANY
By its attorneys,


*Robert J. Murphy*

Robert J. Murphy, BBO# 557659
HOLBROOK & MURPHY
150 Federal Street, 12th Floor
Boston, MA  02110
617-428-1151
holbrook_murphy@msn.com

10

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

American Home Assurance Co.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _New York_
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

Maine Coast Marine Construction Inc. and Guy Splettstoesser

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Robert J. Murphy
Holbrook + Murphy
150 Federal St.
Boston, MA 02110     617-428-1151

ATTORNEYS (IF KNOWN)

04-12597

## II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1333, subrogation action for maritime tort and breach of maritime contract

## V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☒ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury—Med Malpractice<br>☐ 365 Personal Injury—Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410 |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |

## VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $** 500,000 plus

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
American Home v. Fore River et al
JUDGE _Young_
DOCKET NUMBER _03-10318-WGY_

DATE 12/13/04

SIGNATURE OF ATTORNEY OF RECORD
Robert J. Murphy

UNITED STATES DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.  TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) _American Home_
    _Assurance Co. V. Maine Coast Marine Construction, Inc._

2.  CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
    COVER SHEET.  (SEE LOCAL RULE 40.1(A)(1)).

    ___    I.       160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ___    II.      195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720, 730,
                    740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

    ✓      III.     110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                    315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                    380, 385, 450, 891.

    ___    IV.      220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                    690, 810, 861-865, 870, 871, 875, 900.

    ___    V.       150, 152, 153.

3.  TITLE AND NUMBER, IF ANY, OF RELATED CASES.  (SEE LOCAL RULE 40.1(E)).
    _American Home V. Fore River et al    03-10318-WGY_

4.  HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
    _no_

5.  DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
    PUBLIC INTEREST? _no_
    IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?  (SEE 28 USC 2403) _____

6.  IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
    28 USC 2284? _no_

7.  DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER
    COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES_____ ____OR IN THE WESTERN SECTION (BERKSHIRE,
    FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? - (SEE LOCAL RULE 40.1(D)).   YES_____

8.  DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE
    DISTRICT?   YES_____ (a)    IF YES, IN WHICH SECTION DOES
    THE PLAINTIFF RESIDE?_____

9.  IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _n/a_

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL
    AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION_____
    _____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME _Robert J. Murphy_
ADDRESS _Holbrook + Murphy, 150 Federal St, Boston, MA 02110_
TELEPHONE NO. _617-428-1151_

(Category.frm - 09/92)