UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERICAN HOME | ) | |
| ASSURANCE COMPANY | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | DOCKET NO. 04-12597-WGY |
| | ) | |
| MAINE COAST MARINE | ) | |
| CONSTRUCTION, INC. and | ) | |
| GUY SPLETTSTOESSER, | ) | |
| | ) | |
| Defendants. | ) | |

**AFFIDAVIT OF MICHAEL S. D'ORSI IN SUPPORT
OF MOTION TO STAY AND/OR DISMISS PROCEEDINGS**

I, Michael S. D'Orsi, hereby state that:

1. I am a member in good standing of the district bar of this Court and a partner in Donnelly, Conroy & Gelhaar, LLP, counsel for Defendant Guy Splettstoesser ("Splettstoesser") in the above-captioned action.

2. I make this Affidavit in support of Splettstoesser's Motion to Stay and/or Dismiss Proceedings.

3. Attached to this Affidavit as Exhibit A is a true and accurate copy of the Discharge of Debtor, Guy Splettstoesser, in Case No. 03-21851, United States Bankruptcy Court, District of Maine, dated February 9, 2004.

4. Attached to this Affidavit as Exhibit B is a true and accurate copy of Debtor's Motion to Reopen Case in Case No. 03-21851, United States Bankruptcy Court, District of Maine, dated May 25, 2005.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on June 17, 2005.

Michael S. D'Orsi

# <u>EXHIBIT A</u>

Form B18 (Official Form 18)(12/03)

# United States Bankruptcy Court

## District of Maine
## Case No. 03–21851
### Chapter 7

In re: Debtor(s) (name(s) used by the debtor(s) in the last 6 years, including married, maiden, trade, and address):

Guy Splettstoesser
81 Spring Street, Apt. 4
Westbrook, ME 04092

Social Security No.:
   xxx–xx–4514

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

BY THE COURT

Dated: 2/9/04

James B. Haines Jr.
United States Bankruptcy Judge

### SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.

**RECEIVED**

FEB 1 3 2004

PERKINS OLSON, P.A.

004733

# EXHIBIT B

UNITED STATES BANKRUPTCY COURT
District of Maine

In the matter of:

**Guy Splettstoesser**

Debtor

Chapter 7
Case No. 03-21851

## DEBTOR'S MOTION TO REOPEN CASE

NOW COMES Guy Splettstoesser, the debtor in the above-captioned case ("the Debtor") and submits the following motion pursuant to 11 U.S.C. § 350(b) and Fed. R. Bankr. P. 5010. In furtherance thereof, the Debtor respectfully states the following:

1.    The Debtor filed a petition for relief under Chapter 7 on November 11, 2003 (the "Petition Date").

2.    By Order of this Court dated February 9, 2004, the Debtor received a discharge, and by Order of the Court dated February 12, 2004, the case was closed.

3.    A complaint was filed on December 28, 2004 in the Cumberland County Superior Court by C-B Marine Corporation, Docket No. CV-04-774 regarding a cause of action that arose pre-petition on or around December 11, 2002, as detailed in the complaint attached hereto as Exhibit A. Based on the facts asserted in said complaint, Fore River Dock & Dredge, Inc. and American Home Assurance Co. may have pre-petition claims against the Debtor.

4.    Additionally Acadia Insurance Company may have pre-petition claims against the Debtor, which it did not assert prior to the commencement of the Debtor's case.

5.    The Debtor wishes to reopen the case in order to file an Amended Schedule F adding the following creditors: C-B Marine Corporation; Fore River Dock & Dredge, Inc.; American Home Assurance Co., and Acadia Insurance Company. The Amended Schedule F is attached hereto as Exhibit B.

For the reasons set forth herein, the Debtor respectfully requests that the Court

enter an order pursuant to Bankruptcy Code § 350(b) reopening the case, and for such other and further relief as this Court deems just and proper.

Dated:  May 25, 2005                              Guy Splettstoesser

                                                 By his attorney


                                                 /s/ Richard P. Olson_____
                                                 Richard P. Olson

Perkins Olson, P.A.
30 Milk Street
P.O. Box 449
Portland, Maine  04112-0449
(207) 871-7159


F:\CLIENTS\splettstoesser\Motion to Reopen Case.doc



STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  DOCKET NO.

C-B MARINE CORPORATION, a Maine          )
corporation with a principal place of    )
business in Portland, Maine,             )
                                         )
                Plaintiff,               )
                                         )
        v.                               )
                                         )
FORE RIVER DOCK & DREDGE, INC.,          )        COMPLAINT
a Maine corporation with a principal place )
of business in Portland, Maine,          )
MAINE COAST MARINE                       )
CONSTRUCTION, a Maine corporation        )
with a present or former place of business )
in South Portland, Maine, and            )
GUY SPLETTSTOESSER of Freeport,          )
Maine,                                   )
                                         )
                Defendants.              )

NOW COMES the Plaintiff and complains against the Defendants as follows:

1. The Plaintiff, C-B Marine Corporation (hereinafter "CB"), is a Maine corporation

with a principal place of business in Portland, Maine.

2. The Defendant, Fore River Dock & Dredge, Inc. (hereinafter "Fore River"), is a

Maine corporation with a principal place of business in Portland, Maine.

3. The Defendant, Maine Coast Marine Construction (hereinafter "Maine Coast"), is

a Maine corporation with a present or former place of business in South Portland, Maine.

4. The Defendant, Guy Splettstoesser, is a present or former resident of Freeport,

Maine.

1

5. At all relevant times, CB was the owner of a twenty-five and one-half foot (25.5') tug boat called the *SEA WIND II*, of *BARGE DS-64*, and of certain construction tools, equipment, machinery, and other items of personal property suitable for use in construction projects, including marine construction projects, which tools, equipment, machinery, and other items were temporarily transported on, temporarily stored on, or temporarily used on board *BARGE DS-64* and other vessels.

6. At all relevant times and pursuant to a certain Master Lease Agreement, dated July 30, 1997, CB rented among other vessels the *SEA WIND II*, *BARGE DS-64* and certain construction tools, equipment, machinery, and other items of personal property to Fore River for use on construction projects.

7. On or about December 11, 2002, the *SEA WIND II*, *BARGE DS-64*, and the construction tools, equipment, machinery and other items of personal property temporarily aboard were situated in the Annisquam River at or near Gloucester, Massachusetts.

8. Because Fore River had contracted to do construction work at or near Newburyport, Massachusetts, it contracted with Maine Coast for Maine Coast to supply a captain for the *SEA WIND II* for the purpose of taking the *SEA WIND II*, *BARGE DS-64*, and the construction tools, equipment, machinery, and other items of personal property temporarily aboard from Gloucester, Massachusetts to Newburyport, Massachusetts.

9. Maine Coast assigned its employee or agent, Guy Splettstoesser, to act as captain of the *SEA WIND II* for the voyage from Gloucester, Massachusetts to Newburyport, Massachusetts.

10. Mr. Splettstoesser assumed command of the *SEA WIND II*, and, at approximately 1200 hours on December 11, 2002, he began the voyage from Gloucester, Massachusetts to Newburyport, Massachusetts.

11. On December 11, 2002, at approximately 2045 hours, while attempting to enter Newburyport Harbor, Mr. Splettstoesser lost control of the *SEA WIND II* such that she collided with *BARGE DS-64*.

12. The *SEA WIND II* and *BARGE DS-64*, then proceeded to ground and become stranded on the beach at Plum Island off the entrance to Newburyport Harbor.

13. As a result of the collision, grounding, and stranding of the tug and barge as aforesaid, CB suffered damages as follows:

    a.    Damage to the *SEA WIND II* and repair costs;

    b.    Loss of *BARGE DS-64* and her appurtenances;

    c.    Loss of the construction tools, equipment, machinery, spuds, and other items of personal property temporarily on board the barge and being transported for use at the construction sites in Newburyport, Massachusetts;

    d.    Loss of the rental value and income resulting from the foregoing;

    e.    Costs and expenses incurred securing the wreck and protecting the public therefrom, including costs incurred in responding to orders from the town of Newburyport;

    f.    Costs and expenses for wreck removal; and

    g.    Other miscellaneous costs and expenses.

14. CB at all times exercised due care for the protection of its vessels and property.

15. Fore River is responsible for the conduct of Maine Coast and of Mr. Splettstoesser.

## COUNT I

## (BREACH OF CONTRACT AGAINST FORE RIVER)

16. CB repeats and realleges paragraphs 1-15 with the same force and effect as if set forth fully herein.

17. Pursuant to the Master Lease Agreement and the terms and conditions for renting CB's property, Fore River had a duty to protect said property and to return same to CB in good condition and repair.

18. CB breached this duty, and its breaches were the cause of the collision, grounding and stranding and of the damages resulting to CB.

WHEREFORE, CB demands judgment against Fore River in an amount deemed just and equitable together with interest, cost, and attorney's fees.

## COUNT II

## (NEGLIGENCE OF FORE RIVER)

19. CB repeats and realleges paragraphs 1-18 with the same force and effect as if set forth fully herein.

20. Fore River had a duty to exercise due care for the protection of CB's property.

21. Fore River breached this duty by negligently causing the collision, grounding, and stranding as aforesaid and by causing the damages to CB as aforesaid.

WHEREFORE, CB demands judgment against Fore River in an amount deemed just and equitable together with interest, cost, and attorney's fees.

4

## COUNT III

### ( BREACH OF CONTRACT AGAINST MAINE COAST)

22. CB repeats and realleges paragraphs 1-21 with the same force and effect as if set forth fully herein.

23. CB is a third party beneficiary of the contract between Fore River and Maine Coast whereby Maine Coast supplied a captain for the *SEA WIND II* for the voyage from Gloucester to Newburyport, Massachusetts.

24. Pursuant to said contract, Maine Coast had a duty to conduct the voyage in a careful and prudent manner and to exercise good seamanship all for the protection of the *SEA WIND II, BARGE DS-64* and the tools, equipment, machinery, and other items of personal property situated thereon.

25. Maine Coast breached its duty and said breaches caused the collision, grounding, and stranding and the damages sustained by CB.

WHEREFORE, CB demands judgment against Maine Coast in an amount deemed just and equitable together with interest, costs, and attorney's fees.

## COUNT IV

### (NEGLIGENCE AGAINST MAINE COAST)

26. CB repeats and realleges paragraphs 1-25 with the same force and effect as if set forth fully herein.

27. Maine Coast had a duty to exercise due care in its conduct of the voyage from Gloucester to Newburyport, Massachusetts.

28. Maine Coast breached this duty by negligently causing the collision, grounding, and stranding and by causing the damages sustained by CB.

5

WHEREFORE, CB demands judgment against Maine Coast in an amount

deemed just and equitable together with interest, costs, and attorney's fees.

## COUNT V

## (BREACH OF THE WARRANTY OF WORKMANLIKE SERVICE AND

## PERFORMANCE BY MAINE COAST)

29. CB repeats and realleges paragraphs 1-28 with the same force and effect as if set

forth fully herein.

30. In connection with its duty to conduct the voyage from Gloucester, Massachusetts

to Newburyport, Massachusetts, Maine Coast had a duty to conduct said voyage in a

workmanlike manner at all times exercising care, prudence, and good seamanship.

31. Maine Coast breached this duty by causing the collision, grounding, and stranding

and by causing the damages sustained by CB.

WHEREFORE, CB demands judgment against Maine Coast in an amount

deemed just and equitable together with interest, costs, and attorney's fees.

## COUNT VI

## (NEGLIGENCE AGAINST GUY SPLETTSTOESSER)

32. CB repeats and realleges paragraphs 1-31 with the same force and effect as if set

forth fully herein.

33. As captain of the *SEA WIND II* Mr. Splettstoesser had a duty to exercise due care

and good seamanship in connection with conducting the voyage from Gloucester to

Newburyport, Massachusetts.

34. Mr. Splettstoesser breached this duty by negligently causing the collision,

grounding, and stranding and by causing the damages sustained by CB as aforesaid.

6

WHEREFORE, CB demands judgment against Guy Splettstoesser in an amount deemed just and equitable together with interest, costs, and attorney's fees.

Dated this 22nd day of December, 2004

Mark G. Furey, Esq. Bar No. 1037
Thompson Bull Furey Bass & MacColl
P.O. Box 447
120 Exchange Street
Portland, ME 04112-0447
207-774-7600

7

EXHIBIT

B

In re: **Guy Splettstoesser**                                      **Case No.**

                                                                  **Chapter    7**

Last four digits of Social Security No.:   4514

Debtor

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
### Amended

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Hus., Wife, Joint, or Comm."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | C O D E B T O R | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| **Account No:** <br> Acadia Insurance Company <br> c/o William H. Welte, Esq. <br> 13 Wood Street <br> Camden, ME 04843 | | I | Date Incurred: <br> **Consideration for Claim:** <br> Declaratory Judgment | | | | Amount Unknown |
| Reason for Amendment - CLAIM ADDED:    Additional information | | | | | | | |
| **Account No:** <br> American Home Assurance Co. <br> c/o Robert Murphy, Esq. <br> 150 Federal St., 12th Floor <br> Boston, MA 02110 | | I | Date Incurred: <br> **Consideration for Claim:** <br> Complaint Filed | | | | Amount Unknown |
| Reason for Amendment - CLAIM ADDED:    Additional information | | | | | | | |
| **Account No:** <br> Anita Irwin Winters <br> 290 Tunxis Road <br> West Hartford, CT 06107 | | I | Date Incurred:   7/16/03 <br> **Consideration for Claim:** <br> Divorce Judgment | | | | $7,000.00 |
| **Account No:** <br> AT & T Universal Card <br> P. O Box 44183 <br> Jacksonville, FL 32231-4183 | | I | Date Incurred:   various <br> **Consideration for Claim:** <br> Divorce Judgment | | | | $6,000.00 |
| **Account No:** <br> C-B Marine Corporation <br> c/o Mark G. Furey, Esq. <br> P.O. Box 447 <br> Portland, ME 04112-0447 | | I | Date Incurred:   12/11/2002 <br> **Consideration for Claim:** <br> Complaint filed | | | | Amount Unknown |
| Reason for Amendment - CLAIM ADDED:    Additional information | | | | | | | |
| **Account No:** <br> Citi Platinum Select Card <br> Box 6062 <br> Sioux Falls, SD 57117 | | I | Date Incurred:   various <br> **Consideration for Claim:** <br> Divorce Judgment | | | | $4,000.00 |
| **Account No:** <br> Fore River Dock & Dredge, Inc. <br> c/o Chris Callahan, Esq. <br> P.O. Box 200 <br> Springfield, VT 05156 | | I | Date Incurred: <br> **Consideration for Claim:** <br> cross-claim filed 4/19/2005 | | | | Amount Unknown |
| Reason for Amendment - CLAIM ADDED:    Additional information | | | | | | | |

                                         (Total of this page)  Subtotal ⇒   $17,000.00

_____ continuation sheet(s) attached                                 Total ⇒   N/A

In re: Guy Splettstoesser

Case No.

Chapter    7

Last four digits of Social Security No.:    4514

Debtor

# SCHEDULE  F -  CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**Amended**
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER | CODEBTOR | HUS., WIFE, JOINT, OR COMM. | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No: Wes Splettstoesser 81 Spring Street Apt. 4 Westbrook, ME  04092 | | I | Date Incurred: Consideration for Claim: | | | | $1,000.00 |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |

| | | |
|---|---|---|
| (Total of this page)  Subtotal ⇨ | | $1,000.00 |
| Total ⇨ | | $18,000.00 |

0    continuation sheet(s) attached