UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KEITH ABLOW, ) | |
|     Plaintiff ) | |
| v. ) | |
| FORE RIVER DOCK & DREDGE, INC., ) | |
| C-B MARINE CORPORATION and ) | |
| MAINE COAST MARINE ) | |
| CONSTRUCTION, ) | Case No. 1:05-cv-10347-RGS |
|     Defendants ) | |
| ) | |
| and ) | |
| ) | |
| MAINE COAST MARINE ) | |
| CONSTRUCTION, ) | |
|     Third Party Plaintiff ) | |
| v. ) | |
| GUY SPLETTSTOESSER, ) | |
|     Third Party Defendant ) | |

## MOTION TO WITHDRAW AND INCORPORATED MEMORANDUM OF LAW

NOW COME the undersigned, Cathy S. Roberts, Esq. and Lisa Fitzgibbon Bendetson, Esq., and pursuant to Local Rules 7.1 and 83.5.2(c) of the United States District Court for the District of Massachusetts, hereby seek leave of court to withdraw their appearance as counsel for Defendant Maine Coast Marine Construction in the above-entitled action. In support of this motion for withdrawal the undersigned submit the following incorporated memorandum of law.

MEMORANDUM OF LAW

1. Maine Coast Marine Construction is a defendant in a declaratory judgment action brought by Acadia Insurance Company, which was commenced in the United

States District Court for the District of Maine and is captioned *Acadia Insurance Company v. Maine Coast Marine Construction*, Docket No. 05-CV-46-P-C.  The court has issued a decision in that case ruling that Acadia has and had no duty to defend or indemnify Maine Coast Marine in three separate lawsuits, which are set forth below in paragraph 2.  *See* Exhibit 1, April 28, 2006 Judgment.

  2. The undersigned are defense counsel for Maine Coast Marine Construction in three separate actions pending in Maine and Massachusetts, which are: *Ablow v. Maine Coast Marine Construction*, No. 05-10347RGS (U.S.D.C. D. Mass.); *American Home Assurance Co. v. Maine Coast Marine Construction*, No. 04-12597WGY (U.S.D.C. D. Mass.); *C-B Marine Corporation v. Maine Coast Marine Construction*, No. CV-04-774 (Maine Superior Court, Cumberland County).  The undersigned were retained by Acadia Insurance Company to defend Maine Coast Marine in these three actions, all of which involve the grounding of a vessel on or about December 11, 2002.

  3. As a result of the decision in *Acadia Ins. Company v. Maine Coast Marine Construction*, on May 5, 2006, Acadia informed the undersigned and Maine Coast Marine Construction that it will no longer pay the defense costs associated with the three actions referred to in paragraph 2.  *See* Exhibits 2, 3, Correspondence from Acadia Insurance to Cathy Roberts and Nicholas Walsh, respectively.

  4. The undersigned have contacted their client, Maine Coast Marine Construction through its agent Mr. James LaPlante and his counsel in the declaratory judgment action, Nicholas Walsh, Esq., and informed them of the fact that Acadia is no longer providing a defense in the three lawsuits referenced above.

5. The undersigned have offered to continue as counsel for Maine Coast Marine Construction if it will agree to assume the costs of defense in the three lawsuits referenced above. Maine Coast Marine has declined to assume responsibility for defense costs, and has instead indicated it does not have the funds necessary to retain counsel and will not retain counsel.

6. Maine Coast Marine Construction's last know address is as follows: 14 Ocean Street, South Portland, Maine, 04106. The undersigned have given Maine Coast Marine reasonable notice of their intent to withdraw as counsel, and this motion will be served on Maine Coast Marine. The undersigned is in the process of delivering to Maine Coast Marine all its papers and property to which it is entitled.

7. No trial date in this lawsuit has been set. In addition, this case has been stayed due to the bankruptcy proceeding filed by co-defendant Splettstoesser.

8. There are no pending motions filed in this lawsuit in which Maine Coast Marine Construction has taken a position.

9. Opposing counsel in this lawsuit do not object to withdrawal of the undersigned.

10. Maine Coast Marine Construction, through its agent James LaPlante, consents to the withdrawal of the undersigned in this action.

11. Counsel has complied with the provisions of the Massachusetts Rules of Professional Conduct regarding this withdrawal, and Rule 1.16(b)(4) and (5) authorize withdrawal with leave of this Court.

WHEREFORE the undersigned attorneys respectfully request that the Court grant their motion to withdraw as counsel for Maine Coast Marine Construction.

Dated at Portland, Maine this 17th day of May, 2006.

                                              */s/ Cathy S. Roberts*
                                              */s/ Lisa F. Bendetson*
                                              Cathy S. Roberts, Esq. (BBO#547407)
                                              Lisa F. Bendetson, Esq. (BBO #567069)
                                              Attorneys for Defendant Maine Coast
                                              Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
Phone: (207) 774-2500
Fax:  (207) 774-3591
Email:  croberts@thompsonbowie.com

## CERTIFICATE OF SERVICE

We, Cathy S. Roberts and Lisa F. Bendetson, attorneys for Defendant Maine Coast Marine Construction, hereby certify that we made service of the foregoing document titled: "Motion to Withdraw and Incorporated Memorandum of Law" with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

| | |
|---|---|
| John P. LeGrand, Esq.<br>John P. LeGrand & Associates, P.C.<br>375 Broadway – Suite 2<br>Somerville, MA  02145 | Seth S. Holbrook, Esq.<br>Holbrook & Murphy<br>150 Federal Street<br>Boston, MA  02110 |
| Mark G. Furey, Esq.<br>Thompson Bull Furey Bass & MacColl<br>P.O. Box 447<br>Portland, ME  04112-0447 | Michael S. D'Orsi, Esq.<br>Donnelly, Conroy & Gelhaar, LLP<br>One Beacon Street, 33rd Floor<br>Boston, MA  02108 |

We hereby also certify that on this date we mailed by the United States Postal Service, said submission to the following non-registered participants:

| | |
|---|---|
| Peter J. DeTroy, III, Esq.<br>Norman, Hanson & DeTroy, LLC<br>415 Congress Street<br>P.O. Box 4600<br>Portland, ME  04112-4600 | Mr. James LaPlante<br>Maine Coast Marine Construction<br>14 Ocean Street<br>South Portland, ME  04106<br><br>Nicholas H. Walsh, Esq.<br>111 Commercial Street<br>Portland, ME  04101-4719 |

Dated at Portland, Maine this 17th day of May, 2006.

          */s/ Cathy S. Roberts*
          */s/ Lisa F. Bendetson*
          Cathy S. Roberts, Esq. (BBO#547407)
          Lisa F. Bendetson, Esq. (BBO #567069)
          Attorneys for Defendant Maine Coast
          Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
Phone: (207) 774-2500
Fax:  (207) 774-3591

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE
(IN ADMIRALTY)

EXHIBIT 1

| | |
|---|---|
| ACADIA INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Case No. 2:05-cv-00046-GC |
| ) | |
| MAINE COAST MARINE ) | |
| CONSTRUCTION, and ) | |
| GUY SPLETTSTOESSER, ) | |
| ) | |
| Defendants. ) | |

## JUDGMENT

**Whereas** on March 15, 2005 Acadia Insurance Company ("Acadia") filed a suit for Declaratory Judgment seeking a determination that its policy of marine insurance CHA 0067499-11 did not provide coverage for Maine Coast Marine Construction and/or Guy Splettstoesser for an incident involving the grounding of the vessels SEAWIND II and BARGE DS 64 on or about December 11, 2002 (the "incident"); and

**Whereas** on April 14, 2005, Fore River Dock and Dredge, Inc. ("Fore River") intervened, and on July 14, 2005 brought a Motion for Summary Judgment seeking, inter alia, a determination of coverage for loss; and

**Whereas** on November 30, 2005 in response Acadia brought a Cross-Motion for Summary Judgment seeking, inter alia, a declaration of no coverage; and

**Whereas** no party to the action other than Fore River objected to the allowance of the Cross-Motion or filed responsive pleadings to said Cross-Motion; and

**Whereas** under the provisions of Local Rule 7(b) all other parties except Fore River are deemed to have waived any objection to the relief requested by Acadia in its Cross-Motion; and

**Whereas** Fore River has withdrawn its Motion for Summary Judgment, and has consented to the allowance of the judgment set forth below granting relief requested by Acadia;

**Now Therefore**, It is hereby **Ordered Adjudged** and **Decreed**

1) that the Acadia policy of marine insurance, Policy No. CHA 0067499-11, *inter alia*, limits coverage to two certain scheduled vessels (a 30x60 spud barge and a 34' Sequin workboat) owned and/or operated by Maine Coast Marine Construction, neither of which was involved in the incident, and, accordingly;

2) that the relationship of insurer and insured did not, and does not, exist between Plaintiff and any other party to this action, including Intervenor Fore River, as regards the incident complained of and as to which the insured have been sued for negligence, breach of contract, trespass to land, nuisance, indemnity, contribution and breach of the warranty of workmanlike performance, each causing damage to the vessels SEAWIND II and Barge DS64, or relating to such damage;

3) that Plaintiff's Policy No. CHA 0067499-11 and any predecessor or renewal policies thereof in its or their P&I (Liability) Clauses, or otherwise, did not and do not afford coverage to the Defendants, Intervenor Fore River, or any of its or their related entities, for the incident complained of and as to which the insured's have been sued for negligence, breach of contract trespass to land, nuisance, indemnity, contribution and breach of the warranty of workmanlike performance, each causing damage to the vessels SEAWIND II and Barge DS64, or relating to such damage;

4) that Plaintiff's Policy No. CHA 0067499-11 and any predecessor or renewal policies thereof in its or their Commercial Hull Clauses, and otherwise, did not and do not afford coverage to the Defendants, Intervenor Fore River, or any of its or their related entities, for the incidents complained of and as to which the insured's have been sued for

negligence, breach of contract, trespass to land, nuisance, indemnity, contribution and breach of the warranty of workmanlike performance, each causing damage to the vessels SEAWIND II and Barge DS64 or relating to such damage;

5) that Plaintiff Acadia Insurance Company had and has no duty to defend any of the defendants, Intervenor Fore River, or any of its or their related entities, or any party or entity in any of the underlying complaints (*C-B Marine Corporation v. MAINE COAST, FORE RIVER and SPLETTSTOESSER*, State of Maine, Cumberland County Superior Court, docket # CV-04-774; *American Home Assurance Company v. MAINE COAST and SPLETTSTOESSER*, United States District Court for the District of Massachusetts, docket # 04-12597 WGY; and *Keith R. Albow against MAINE COAST and FORE RIVER*; United States District Court for the District of Massachusetts, docket #05-10347RGS) or in any future complaints which may be filed against them for damages arising out of a marine casualty occurring on or about December 11, 2002 and involving the vessels SEAWIND II and Barge DS64;

6) that Plaintiff Acadia Insurance Company had and has no duty to indemnify defendants , Intervenor Fore River, or any of its or their related entities, or any party or entity for any liability they, or any of them, may be declared to have in the underlying actions (*C-B Marine Corporation v. MAINE COAST, FORE RIVER and SPLETTSTOESSER*, State of Maine, Cumberland County Superior Court, docket # CV-04-774; *American Home Assurance Company v. MAINE COAST and SPLETTSTOESSER*, United States District Court for the District of Massachusetts, docket # 04-12597 WGY; and *Keith R. Albow against MAINE COAST and FORE RIVER*; United States District Court for the District of Massachusetts, docket #05-10347RGS), or in any future actions which may be filed against them for damages arising out of a marine casualty occurring on or about

December 11, 2002 and involving the vessels SEAWIND II and Barge DS64, or to contribute to any judgment rendered against defendants or indemnify defendant with respect to any such judgments;

7) that Acadia Insurance Company has no duty to defend any party or entity and no duty to indemnify any party or entity with respect to any claims brought or actions filed and related to, or arising out of, a marine casualty occurring on or about December 11, 2002 and involving two vessels known as the Towboat SEAWIND II and the Barge DS64; and

8) that each party is to bear its own costs.

Dated: April 28, 2006                    /s/Gene Carter
                                         Gene Carter,
                                         Senior United States District Judge



# Acadia Insurance®

EXHIBIT 2

May 5, 2006

Cathy Roberts, Esq.
3 Canal Plaza
Portland, Maine 04112

RE:   RE:   Acadia Insurance Company v. Maine Coast Marine Construction, Inc.

Dear Cathy:

Enclosed please find Acadia's Notice of Withdrawal of Defense in the above-captioned case. Acadia's decision to cease providing a defense in this matter is made pursuant to the judgment by Senior United States District Judge, Gene Carter set on April 28th, 2006. A copy of this decision is also enclosed for your reference. The Court has made a specific finding that Acadia had and has no duty to defend the defendants in this action, and accordingly, Acadia has decided to withdraw providing any defense to the defendants in this action effective May 12, 2006. Immediate steps should be taken by you and your client to make whatever arrangements you feel are necessary with respect to any continued defense of this matter either by your or successor counsel. Acadia will not be liable for any costs incurred in defense of this matter after May 12, 2006.

If you have any questions, please feel free to call me.

Sincerely,

Amy Leonard
Ocean Marine Claims Specialist

Acadia Insurance Company • Acadia Underwriters • Berkley Underwriters Insurance Company • Continental Western Insurance Company
Firemen's Insurance Company of Washington, D.C. • Union Insurance Company
One Acadia Commons   P.O. Box 9010   Westbrook, Maine 04098-5010
207 772-4300   800 773-4300   Auto Attendant: 207 772-1170   800 870-1170   Fax: 207 772-6104
www.acadiainsurance.com

*A BERKLEY COMPANY*®




# Acadia Insurance®

EXHIBIT 3

May 5, 2006

Nicholas H. Walsh, Esquire
111 Commercial Street
Portland, Maine 04101-4719

Maine Coast Marine Construction, Inc.
c/o Nicholas H. Walsh, Esquire
111 Commercial Street
Portland, Maine 04101-4719

RE: Acadia Insurance Company v. Maine Coast Marine Construction, Inc.

*Notice of Withdrawal of Defense*

Dear Mr. Walsh:

This letter is forwarded to you in your capacity as Clerk of Maine Coast Marine Construction, Inc. and as counsel of record representing that entity with regard to insurance coverage issues raised by several underlying actions brought to recover damages allegedly sustained when the vessels SEAWIND II and Barge DS64 grounded in Massachusetts waters on December 11, 2002. As you are, or should be, aware the Court entered judgment in Acadia's favor on April 28th, 2006. A copy is enclosed for your reference.

The Reservation of Rights letter previously forwarded to you expressly notified you that any appointment of counsel by Acadia in the underlying actions would "be subject to a full and complete reservation of rights to withdraw said defense." In the judgment which has entered, the Court makes a specific finding that Acadia had and has no duty to defend MCMC in any action pertaining to the above reference casualty.

Acadia Insurance Company • Acadia Underwriters • Berkley Underwriters Insurance Company • Continental Western Insurance Company
Firemen's Insurance Company of Washington, D.C. • Union Insurance Company
One Acadia Commons   P.O. Box 9010   Westbrook, Maine 04098-5010
207 772-4300   800 773-4300   Auto Attendant: 207 772-1170   800 870-1170   Fax: 207 772-6104
www.acadiainsurance.com



*A BERKLEY COMPANY®*

Accordingly, consistent with the Reservation of Rights letters as well as the judgment, Acadia hereby notifies you of its withdrawal of its of defense effective May 12th, 2006. Immediate steps should be taken by you and your client to appoint successor counsel in the underlying actions. Please guide your actions accordingly.

Sincerely,


Amy Leonard
Ocean Marine Claims Specialist

cc: Cathy Roberts, Esq.