UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, </br></br>    Plaintiff </br></br> v. </br></br> MAINE COAST MARINE CONSTRUCTION, INC. and GUY SPLETTSTOESSER </br></br>    Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) )   Case No. 1:04-cv-12597-JGD |

### DEFENDANT MAINE COAST MARINE CONSTRUCTION, INC.'S MOTION IN LIMINE TO LIMIT SCOPE OF PLAINTIFF'S CLAIMED DAMAGES WITH INCORPORATED MEMORANDUM OF REASONS[1]

NOW COMES Defendant, Maine Coast Marine Construction, Inc. (hereafter, "MCM"), by and through its counsel, Thompson & Bowie, LLP, and pursuant to L.R.D.Mass. 7 and the Court's Order(s) Setting Case for Trial, hereby moves in limine that the Court enter an order, limiting the scope of Plaintiff's claimed damages. Specifically, MCM moves to limit the evidence on damages to amounts actually paid by Plaintiff American Home Assurance Co.'s (hereinafter "AHA") under the marine insurance policy it issued to C.B. Marine Corporation and Fore River Dock & Dredge Inc. In support for this motion, MCM states further as follows.

---

[1] The undersigned counsel hereby certifies that counsel for the parties have conferred and attempted to resolve this issue, but have been unable to do so. L.R.D.Mass. 7.1(A)(2).

## I.     BACKGROUND

This case arises out of the grounding of the tugboat Sea Wind II and Barge DS-64 on the beach of Plum Island off the entrance to Newburyport Harbor, Massachusetts on December 11, 2002.  The Sea Wind II and Barge DS-64 were owned by C-B Marine Corporation (hereinafter "C-B Marine") and leased to Fore River Dock & Dredge, Inc. (hereinafter referred to as "Fore River").  Fore River hired Guy Splettstoesser to act as the captain of the Sea Wind II to move the tugboat and barge from Gloucester, Massachusetts to Newburyport, where Fore River had contracted to do construction work.  During the voyage, the tugboat and barge collided resulting in the grounding.

As the result of the grounding, C-B Marine contends that the Sea Wind II sustained damages, that the barge was a complete loss, and that C-B Marine lost many construction tools, equipment, machinery and personal property that had been on board the barge for transportation to the construction site.  At the time of the grounding, C-B Marine and Fore River were insured under a policy issued by AHA.  Pursuant to this policy AHA alleges it has paid the following damages with regard to the grounding: (1) $205,000.00 for wreck removal; (2) $50,475.98 for additional wreck removal costs; and (3) $33, 199.87 for clean up costs.  *See* Joint Pre-Trial Memorandum dated July 4, 2006 at p. 4, Docket Entry No. 28.

## II.     ARGUMENT

It is well settled that an insurer becomes subrogated to the assureds' rights only to the extent the insurer has paid under the policy. *Aetna Ins. Co. v. United Fruit Co.*, 304

U.S. 430, 436, 58 S. Ct. 959, 961 (1938) (followed by *Risdal et al. v. Universal Ins. Co.*, 232 F. Supp. 472, 474 (D. Mass 1964)).

In addition to the above damage costs, AHA seeks to admit a loss of $300,000 for lost tools and equipment that were on board the DS-64 Barge at the time it became grounded. *See* Joint Pre-Trial Memorandum dated July 4, 2006 at p. 4, Docket Entry No. 28 (seeking "liability for insured's tools and equipment per court order, Appx. $300,000"). However, AHA has failed to show that it has paid the assured for the $300,000 loss it now wishes to recover. Because AHA has not fully reimbursed C-B Marine and/or Fore River for these losses, they remain real parties in interest and AHA cannot seek to recover damages on their behalf. Any evidence of such purported unpaid sums must be excluded at trial.

In the admiralty case of *Aetna Ins. Co. v. United Fruit Co.*, the Supreme Court was presented with the question of whether Aetna, within the context of a subrogation action, could seek reimbursement above the amount it indemnified the assured. *Id*. The Supreme Court reasoned that the very nature of subrogation limits the amount of recovery to the indemnification amount. *Id*. at 438. Otherwise, the insurer could stand to make a profit. *Id*. at 436.

Plainly, the most AHA can claim in damages as a subrogated insurer is reimbursement for sums it actually paid. *See, e.g., F.D. Tool Co. v. Sloan Valve Co.,* 2002 U.S. Dist. LEXIS 20049 at *14 (D.Mass. Oct. 17, 2002) (J. Ponsor) (when insurer reimburses insured partially, both insurer and insured are real parties in interest and insurer is subrogee to the extent of its payment). Moreover, even the actual amount paid

3

is subject to limitation. *See, e.g., Great N. Ins. Co. v. Paino Assocs.*, 364 F.Supp.2d 7, 24 (D.Mass. 2005) (J. Keeton) (subrogated insurer not always entitled to recover amount paid to insured—may be limited to actual amount of damages suffered by insured).

In sum, MCM moves in limine for an order limiting AHA's evidence of damages to those amounts actually paid by AHA and precluding the introduction of any evidence of losses sustained by the assured that have not actually been paid by AHA as of the time of trial.

### III.  CONCLUSION

WHEREFORE, for all of the foregoing reasons, Defendant respectfully requests that this Motion in Limine be GRANTED and that the Court enter an order limiting the scope of Plaintiff's damages claim and damages evidence as set forth herein.

Dated at Portland, Maine this 9th day of November, 2006.

/s/ Cathy S. Roberts
Cathy Skeirik Roberts, Esq.
BBO #547407
Attorney for Defendant
Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

## **CERTIFICATE OF SERVICE**

I, Cathy S. Roberts, attorney for Defendant Maine Coast Marine Construction, hereby certify that on this date I made service of the foregoing document titled "Defendant Maine Coast Marine Construction Inc's Motion in Limine to Limit Scope of Plaintiff's Claimed Damages with Incorporated Memorandum of Reasons" with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

> Robert J. Murphy, Esq.  
> Holbrook & Murphy  
> 15 Broad Street – Suite 900  
> Boston, MA  02109
>
> Michael S. D'Orsi, Esq.  
> Donnelly, Conroy & Gelhaar, LLP  
> One Beacon Street, 33rd Floor  
> Boston, MA  02108
>
> Aaron K. Baltes  
> Norman, Hanson & DeTroy, LLC  
> 415 Congress Street  
> P.O. Box 4600  
> Portland, ME  04112-4600

I hereby certify that on this date I did not mail by the United States Postal Service said submission to non-registered participants, as there are no non-registered participants for this case.

Dated at Portland, Maine this 9th day of November, 2006.

> /s/ Cathy S. Roberts  
> Cathy S. Roberts, Esq. (BBO#547407)  
> Attorney for Defendant  
> Maine Coast Marine Construction

THOMPSON & BOWIE, LLP  
Three Canal Plaza  
P.O. Box 4630  
Portland, ME  04112  
(207) 774-2500