UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN HOME ASSURANCE ASSURANCE COMPANY,<br>      Plaintiff,<br><br>v.<br><br>MAINE COAST MARINE CONSTRUCTION and GUY SPLETTSTOESSER,<br>      Defendant. | )<br>)<br>)<br>)<br>)   CIVIL ACTION NO. 04-12597-JGD<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF AMERICAN HOME ASSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE DEFENDANTS' JURY TRIAL DEMAND**

NOW COMES the plaintiff, American Home Assurance Company (hereinafter "American Home"), in the above captioned matter, by and through its undersigned attorney, Holbrook & Murphy, and respectfully files its Memorandum of Law in Support of Plaintiff's Motion to Strike Defendants' Jury Trial Demand.

**I. BACKGROUND**

This case arises out of the December 11, 2002, grounding of the Tug SEAWIND and its Crane Barge DS64 on Plum Island in Newbury, Massachusetts. American Home insured the vessels' owner and operator under a policy of marine insurance.

American Home alleges that prior to December 11, 2002, the vessels' operator hired defendant Maine Coast to provide a licensed captain to transport the Tug and Barge from Gloucester, Massachusetts to the "Chain Bridge" job site in Amesbury, Massachusetts. The vessels' operator dealt directly with Captain Guy Splettstoesser, who was a 50% owner of Maine Coast and the only principal of the company who had a captain's license.

On or about December 11, 2002, with Guy Splettstoesser at the helm, the Tug SEAWIND and Barge DS64 and related tools and equipment grounded on the beach near Plum Island, at the mouth of the Merrimack River in or around Newburyport, Massachusetts. American Home alleges that the grounding was caused by the defendant's negligence.

American Home alleges that the defendants' negligence proximately caused its damages including but not limited to costs and expenses to remove the wreck from the beach.

## II.     **ADMIRALTY JURISDICTION**

American Home brought this case pursuant to the Court's admiralty jurisdiction. American Home's Complaint asserted subject matter jurisdiction by setting forth that the case is "of admiralty and maritime jurisdiction, as hereinafter more fully appears, within the meaning of Rule 9(h)." Complaint at ¶ 1. Rule 9(h) provides that "[a] pleading or count setting forth a claim for relief within the admiralty and maritime jurisdiction that is also within the jurisdiction of the district court on some other ground may contain a statement identifying the claim as an admiralty or maritime claim for the purposes of Rules 14(c), 38(e), 82 and the Supplemental Rules for Certain Admiralty and Maritime Claims." In the Advisory Committee notes to the 1966 Amendment to Rule 9, it is noted that in a "suit in admiralty, there is no right to jury trial except as provided by statute." "The impact of the 9(h) election is that all claims are tried by the court rather than the jury." *Concordia Company, Inc. v. Panek*, 115 F.3d 67, 70-71 (1st Cir. 1997).

The United States Constitution provides for federal "judicial power" extending to "all cases of admiralty and maritime jurisdiction." Art.3, § 2, cl. 1. Admiralty jurisdiction extends to matters occurring on navigable waters involving some aspect of maritime commerce, which affect maritime commerce. As such, it is beyond reasonable dispute that the plaintiff's claims

sound in admiralty.  The First Circuit has held that "there is no right to a jury trial in admiralty." *Natasha, Inc. v. Evita Marine Charters, Inc.,* 763 F.2d 468, 470 (1st Cir. 1985).

Under Rule 9(h), a party may elect to have its claims tried to the Court as an admiralty action, even if jurisdiction exists under admiralty and some other basis of federal jurisdiction. The impact of the plaintiff's 9(h) election is that all claims are tried by the Court, rather than a jury, even if the defendant claims a jury trial.  *Concordia v. Panek*, 115 F.3d 67, 70-71 (1st Cir. 1997); *Royal Insurance Company of America v. Hansen*, 125 F.R.D. 5, 8 (D. Mass. 1988); *Insurance Company of North America v. Virgilio,* 574 F. Supp. 48, 51 (S.D. Cal. 1983); *Arkwright—Boston Mfrs. Ins. V. Bauer Dredging,* 74 F.R.D. 461 (S.D. Tex 1977).

The District Court for the District of Maine has held that "once a plaintiff has invoked Rule 9(h), that choice overrides any right to a jury trial that a defendant may have…" *Lackey v. Brewer's South Freeport Maine, Inc.,* 2000 U.S. Dist. LEXIS 8040 at *4-5.  Likewise, the District Court for the Eastern District of New York has held that a plaintiff's election to sue on an admiralty or maritime claim as the basis for federal jurisdiction binds the parties in the lawsuit to the inevitable procedural consequences of a court trial.  *Camrex Ltd. v. Carmex Reliance Paint,* 90 F.R.D. 313, 317 (E.D.N.Y., 1981). See also, *Harrison v. Flota Mercante Grancolombiana, S.A*., 577 F.2d 968 (5 Cir., 1978) (refusing to permit a third-party defendant to emasculate the election given to the plaintiff by Rule 9(h)); *Alaska Brite Company v. Freighters Incorporated*, F.R.D. 192, 195 (N.D. Cal., 1972) (explaining that the purpose of Rule 9(h) is to allow the moving party who could either bring suit under admiralty or civil law to elect which form of proceeding he chooses.)

*Royal Insurance Company of America v. Hansen*, 125 F.R.D. 5 (D. Mass. 1988), involved a declaratory judgment action by the plaintiff marine insurer and counter-claims by the

3

defendant for breach of marine insurance contract. Magistrate Judge Collings denied the defendant's demand for a jury trial and concluded that the plaintiff's 9(h) election precluded a jury trial: "Where a claim is made in accordance with Rule 9(h), the existence of diversity as an alternative basis of jurisdiction will not entitle the plaintiff to a jury trial." *Id.* at 9.

Judge Laffitte of the District of Puerto Rico states that Rule 9(h) allows a plaintiff whose claim is cognizable under either admiralty or common law jurisdiction to identify his claim as an admiralty claim to obtain certain procedural benefits traditionally available under admiralty jurisdiction. *Matter of Armatur, S.A.,* 710 F. Supp. 404, 406 (D. Puerto Rico 1989). He also stated that "the plaintiff, then, rules the roost when it comes to Rule 9(h) designations." He explained:

> "that the choice under Rule 9(h) belongs to the plaintiff is most marked in those cases where a plaintiff has designated his claim as an admiralty claim under Rule 9(h), thereby electing the special admiralty procedures, one of which is a non-jury trial, and the defendant demands a jury. The plaintiff's Rule 9(h) designation reigns supreme, and will operate to deny the defendant a right to jury trial he might otherwise have had." *Id.* at 406. *See also, Harrison v. Flota Mercante Grancolombia, S.A.* 577 F.2d 968 (5th Cir. 1978); *McCrary v. Seatrain Lines, Inc.,* 469 F.2d 666 (9th Cir. 1972); *Hails v. Atlantic Richfield Co.,* 595 F. Supp. 948, 951-952 (W.D.La. 1984); *Insurance Co. of North America v. Virgilio,* 574 F. Supp. 48, 50-51 (S.D.Cal. 1983); *Arkwright-Boston Mfrs. Mut. Ins. v. Bauer Dredging,* 74 F.R.D. 461 (S.D.Tx. 1977); *Alaska Barite Co. v. Freighters, Inc.,* 54 F.R.D. 192 (N.D.Cal. 1972).

American Home respectfully asserts that, in accordance with the overwhelming precedent this case should be tried to the court and not a jury. The <u>ONLY</u> jurisdiction basis pled by <u>ANY</u> party is admiralty, which does not recognize a jury trial. Conceivably, the defendants may assert that the case could have been brought in federal court through diversity jurisdiction. However, no one, including the defendants, had pled diversity jurisdiction. Even if the defendants had asserted diversity jurisdiction, they are still not entitled to a jury trial. See *supra.* In *Becker v. Tidewater, Inc.,* 405 F.3d 257, 259 (5th Cir. 2005), the plaintiff asserted claims under Rule 9(h).

4

The *Becker* court held that "it is well settled that the plaintiff is the master of his complaint, and [the plaintiff] has the exclusive power to invoke diversity jurisdiction." *Id.* The court further explained that

> "the factual existence of diversity between parties does not give rise to the legal existence of diversity jurisdiction. Thus, [the defendant] has no constitutionally or statutorily based right to a jury trial, and [the defendant] cannot use the Federal Rules to create such a right where one does not already exist. Fed. R. Civ. P. 38(e)."

In the instant case, the plaintiff's election to bring this case in admiralty precludes a jury trial. The defendants have never asserted diversity jurisdiction or any other basis of subject matter jurisdiction. However, even if they had, the plaintiff's election to proceed in admiralty overrides any right to a jury trial that the defendants might have.

WHEREFORE, the plaintiff respectfully prays that this Honorable Court strike the defendants' jury trial demand and that the matter proceed to trial before the court and not a jury.

By its attorneys,

/s/ Robert J. Murphy
Robert J. Murphy, BBO # 557659
HOLBROOK & MURPHY
15 Broad Street, Suite 900
Boston, MA  02109
617-428-1151