UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) ) |
| MAINE COAST MARINE CONSTRUCTION, INC. and GUY SPLETTSTOESSER, | ) ) ) ) |
| Defendants | ) ) |

Case No. 1:04-cv-12597-JGD

## DEFENDANT MAINE COAST MARINE CONSTRUCTION'S OBJECTION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY TRIAL DEMAND

This litigation is a subrogation action filed by the American Home Insurance Company to recover amounts paid to Fore River Dock & Dredge, Inc. and C-B Marine Corporation for losses incurred surrounding the December 11, 2002 grounding of the tugboat SEAWIND II ("Tugboat") and its Barge DS64 ("Barge") on Plum Island in Newbury, Massachusetts. Both vessels were owned by C-B Marine and leased to Fore River under an equipment lease agreement. Fore River is a maritime dredging and construction business that operates its business entirely with leased vessels, tools and equipment. Fore River had hired Guy Splettstoesser to captain the Tugboat and move the barge to a dredging site.

American Home has named Maine Coast Marine Construction as a party asserting that Maine Coast Marine is liable for any negligence of Guy Splettstoesser on a theory of

*respondeat superior.* Maine Coast Marine is a maritime construction company founded by James LaPlante. At the time of the grounding, Guy Splettstoesser had recently become a co-owner and the Treasurer of Maine Coast Marine Construction, Inc. His duties primarily consisted of performing labor on the job sites. James LaPlante handled most of the administrative duties including scheduling jobs, procuring business or negotiating the terms of any contracts for the company. Fore River had in the past hired Maine Coast Marine for certain jobs scheduling these jobs directly with James LaPlante.

In addition to working for Maine Coast Marine, at the time of the grounding, Guy Splettstoesser was moonlighting to earn extra money. Jim LaPlante did not object to Splettstoesser moonlighting as long as that work did not interfere with Splettstoesser's duties for Maine Coast Marine. None of Splettstoesser's moonlighting jobs came through Maine Coast Marine. Rather, companies contacted him directly for the work.

On December 11, 2002, Fore River contacted Guy Splettstoesser directly, in his individual capacity, to tow a barge from Gloucester, Massachusetts to Newburyport, Massachusetts. As in the past, when he had worked on his own for Fore River, Guy Splettstoesser was not acting on behalf of Maine Coast Marine nor doing anything to further Maine Coast Marine's interests. He expected to be paid directly by Fore River for this work.

The liability issues at trial will be limited to whether Guy Splettstoesser was negligent at the time of the grounding. Liability will rest against Maine Coast Marine only if American Home can prove that Splettstoesser was acting as Maine Coast Marine's employee at the time of the grounding.

American Home filed suit against Maine Coast Marine and Guy Splettstoesser on December 13, 2004. Maine Coast Marine answered the complaint on April 21, 2005 and demanded a jury trial. Guy Splettstoesser also demanded a jury trial in his answer.

Throughout this litigation, the parties have proceeded as if this matter would be tried to a jury. American Home, similarly, has proceeded with this understanding. In fact, in the joint pretrial memorandum, American Home stated:

> American Home has brought this case as subrogee of C.B. Marine, Fore River and Roger Hale. The monies expended by American Home were monies paid on behalf of its insureds under the policy of insurance. As such, American Home respectfully prays that the case caption as communicated to the jury be styled in the names of the insured and that the jury not be informed of the presence of insurance.

(Joint Pretrial Memorandum at page 14).

For the first time on October 30, 2006, in a telephone conference with this Court, American Home made the argument that it did not believe the Defendants were entitled to a jury trial. In an Order dated November 3, 2006, the Court ordered the parties to file memoranda outlining their positions on this motion.

**Argument and Law**

While the Seventh Amendment does not require jury trials in admiralty cases, neither that amendment, nor any other provision of the Constitution, forbids jury trials in cases involving admiralty issues. *Fitzgerald v. United States Line Company*, 374 U.S. 16, 20 (1963). The saving to suitors clause establishes the right of a party to choose whether to proceed in the court's admiralty jurisdiction or general civil jurisdiction when both admiralty and diversity jurisdiction exist. *Atlantic and Gulf Stevedores, Inc. v.*

*Ellerman Lines, Ltd.,* 369 U.S. 335, 359-360 (1962); *Koch Fuels, Inc. v. Cargo of 13,000 Barrels of No. 2 Oil*, 704 F.2d 1038, 1041 (8th Cir. 1983).  Under the court's general civil jurisdiction, parties are entitled to a right to a jury even when addressing admiralty claims.  *Windsor Mount Joy Mutual Insurance Company v. Johnson*, 264 F.Supp. 2d 158, 162 (N.J. 2003); *Sphere Drake Insurance v. J. Shree Corporation*, 184 F.R.D. 258, 261 n. 5 (S.D. N.Y. 1999).

There is no question that diversity jurisdiction exists in this case and throughout this litigation the parties were proceeding with the understanding that they were proceeding under the court's general civil jurisdiction which entitled them to seek a trial by jury.  The Defendants conducted discovery and prepared their defenses as if this matter would be presented to a jury.  The Court also understood that this matter would be tried before a jury and placed this case on its jury trial list.

American Home proceeded with this understanding and acquiesced in the Defendants' demand for a jury trial throughout the course of litigation.  American Home did not challenge that understanding, and in fact at the time of the filing of the joint pretrial memorandum was under the impression that this matter would be tried to a jury.  Jury trial was slated to begin on November 27, 2006.  It was not until October 20, 2006 that American Home first raised the argument that the Defendants were not entitled to a jury trial.  This case has been pending on the jury trial list for over nineteen months.  To allow American Home to strike the jury at this late date would result in prejudice to the Defendants and should not be permitted.  *See, Charles v. Ocean Drilling & Exploration Co.*, 628 F.Supp. 1135, 1136 (S.D. Tex. 1985)(in which the trial court refused to allow

plaintiff to amend complaint to remove Rule 9(h) designation and have case placed on jury docket as it would work an unfair hardship on defendants.)

Maine Coast Marine does not dispute that American Home's claims sound in admiralty. Further, Maine Coast Marine does not dispute that in its Complaint American Home asserted the Court's admiralty jurisdiction pursuant to Rule 9(h). However, the issue before the Court is whether American Home should be permitted to move to strike the jury at this late date given the prejudice to the Defendants of having prepared this matter for well over a year for submission to a jury. *See, generally Cantor v. 255 West 15th Holding Corp.*, 28 Misc. 2d 505, 207 N.Y.S. 2d 535 (1st Dept. 1960) (if defendant wanted to challenge plaintiff's right to a jury trial it had to act seasonably with diligence and not wait until the eve of trial). The parties, including American Home, have always treated this matter as falling within the general civil jurisdiction of the Court. Given diversity, the parties would be entitled to a jury trial of the admiralty claims in this case under the court's general civil jurisdiction. By its acquiescence, American Home also proceeded throughout the litigation with this understanding. It should not be permitted, at this late date, to prejudice the Defendants by striking the request for a jury.

Dated at Portland, Maine this 20th day of November, 2006.

                                              */s/ Cathy S. Roberts*
Cathy S. Roberts, Esq. (BBO#547407)
Attorney for Defendant Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
Phone: (207) 774-2500
Fax:     (207) 774-3591
Email: croberts@thompsonbowie.com

## **CERTIFICATE OF SERVICE**

I, Cathy S. Roberts, attorney for Defendant Maine Coast Marine Construction, hereby certify that on this date I made service of the foregoing document titled "Defendant Maine Coast Marine Construction's Objection to Plaintiff's Motion to Strike Defendants' Jury Trial Demand" with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

Robert J. Murphy, Esq.
Holbrook & Murphy
15 Broad Street – Suite 900
Boston, MA  02109

Michael S. D'Orsi, Esq.
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd Floor
Boston, MA  02108

Aaron K. Baltes
Norman, Hanson & DeTroy, LLC
415 Congress Street
P.O. Box 4600
Portland, ME  04112-4600

Dated at Portland, Maine this 20th day of November, 2006.

/s/ Cathy S. Roberts
Cathy S. Roberts, Esq. (BBO#547407)
Attorney for Defendant
Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500