UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN HOME ) | |
| ASSURANCE COMPANY, ) | |
|     Plaintiff ) | |
| ) | CIVIL ACTION |
| v. ) | DOCKET NO. 04-12597-WGY |
| ) | |
| MAINE COAST MARINE ) | |
| CONSTRUCTION, INC. and ) | |
| GUY SPLETTSTOESSER ) | |
|     Defendants ) | |

**DEFENDANT GUY SPLETTSTOESSER'S MOTION FOR JURY TRIAL AND OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' JURY TRIAL DEMAND**

NOW COMES Defendant Guy Splettstoesser, by and through counsel, and hereby moves for a jury trial in this matter pursuant to Fed.R.Civ.P. 7(b) & 38 and files his opposition to the Plaintiff's Motion to Strike Defendants' Jury Trial Demand.

## BACKGROUND

**Factual Background**

This case arises out of the grounding of a tugboat and barge in or around Newburyport, Massachusetts on December 11, 2002. The owner of the tugboat and barge is C.B. Marine Corporation, a Maine corporation. The lessor of the tugboat and barge is Fore River Dock & Dredge, Inc., a Maine corporation. Roger A. Hale founded Fore River and is a resident of Maine. The Plaintiff insured C.B. Marine, Fore River and Roger A. Hale pursuant to Protection & Indemnity Policy No. B208102.

-1-

Defendant Guy Splettstoesser was the captain of the tugboat at the time of the grounding. The Plaintiff contends that Splettstoesser was working for Defendant Maine Coast Marine Construction, Inc. at the time of the grounding.

**Procedural Background**

The Complaint in this matter was filed on December 13, 2004. The Plaintiff's Complaint asserts claims of (1) Negligence; (2) Breach of Warranty of Workmanlike Performance; (3) Breach of Contract; (4) Breach of Indemnity; and (5) Contribution. See Complaint.

The Complaint asserts admiralty jurisdiction pursuant to Fed.R.Civ.P. 9(h). See Complaint ¶ 1. The Defendants filed timely answers, both asserting a right to trial by jury and cross-claiming against the other Defendant. See Answer of Defendant Guy Splettstoesser; Answer of Defendant Maine Coast Marine Construction, Inc.; Cross-Claim of Defendant Guy Splettstoesser; Cross-Claim of Defendant Maine Coast Marine Construction, Inc.

On June 6, 2005, a scheduling conference was held before Judge Young, who placed the case on a jury trial list beginning July 3, 2006. There is no indication in the docket that the Plaintiff objected to a jury trial being held in this matter at that time.

On July 4, 2006, the parties submitted a joint pretrial memorandum. No objection to a jury trial was voiced by the Plaintiff at this time. To the contrary, in the Plaintiff's portion of the memorandum, the Plaintiff requested that "the case caption as communicated to the jury be in the name of the insured and that the jury not be informed of the presence of insurance." Joint Pre-Trial Memorandum at 14.

On July 5, 2006, the parties consented to having a magistrate judge preside over this matter.  A status conference was held before Judge Dein on July 31, 2006, who ordered after consulting with the parties that a jury trial was to begin on November 27, 2006.  No objection to a jury trial was voiced by the Plaintiff at this time.

On October 27, 2006, a telephone conference was held between counsel and Judge Dein regarding the unavailability of key witnesses for the jury trial scheduled to begin November 27, 2006.  During this telephone conference, Plaintiff's counsel asserted his contention that there should not be a jury trial in this matter.

### MEMORANDUM OF LAW

**THE PLAINTIFF WAIVED ITS RIGHT TO REQUEST A NON-JURY TRIAL BY FAILING TO OBJECT WHEN THIS CASE WAS PUT ON A JURY TRIAL LIST LAST YEAR AND SCHEDULED FOR A JURY TRIAL THREE MONTHS AGO.**

The Plaintiff's Complaint invokes admiralty jurisdiction pursuant to Fed.R.Civ.P. 9(h).  Generally, there is no right to a jury trial in admiralty cases, because the U.S. Constitution enshrines the right to trial by jury only to "suits at common law[.]"  U.S. Const. amend. VII; Waring v. Clarke, 46 U.S. 441, 460 (1847).  Conversely, however, there is no constitutional right to trial by non-jury in admiralty cases.  See Fitzgerald v. United States Lines Co., 374 U.S. 16, 20 (1963) ("While this court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that amendment nor any other provision of the Constitution forbids them.").  The general practice of not holding jury trials for admiralty cases is based on a tradition that began when separate admiralty courts decided admiralty cases.  See, e.g., Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 152 (4th Cir. 1995).

Even where there is a constitutional right to a jury trial, courts have long held that this right may be waived by failure to file a timely demand for jury trial, or by the conduct or agreement of the parties.  See Fed.R.Civ. 9(d); Troy v. Bay State Computer Group, Inc., 1997 U.S. Dist. LEXIS 2580 (D.Mass. 1997) ("Waiver of a party's Seventh Amendment rights may be inferred from the party's conduct.") (citing Preferred Rx, Inc. v. American Prescription Plan, 46 F.3d 535, 548 (6th Cir. 1995)).

In the instant case, the Plaintiff has waived any right to request a non-jury trial. Almost a year and a half have passed since Judge Young first put this matter on a jury trial list.  The Plaintiff raised no objection at this summer's status conference when a jury trial was scheduled for a date certain.  The Plaintiff only raised an objection to a jury trial apparently as an afterthought during a recent telephone conference that was scheduled to discuss a different issue.  Under the circumstances, the Plaintiff cannot now raise an 11th hour objection to a jury trial.  See, e.g., Country (Social) Club of Savannah, Inc. v. Sutherland, 411 F.2d 599 (5th Cir. 1969) ("[B]oth parties in open court expressly and unequivocally agreed to waive their rights to a jury trial and to try the case before the court.  This waiver was effective and binding.").

For the foregoing reasons, the Plaintiff's Motion to Strike Defendant's Jury Trial Demand should be denied, and this case should be scheduled for a jury trial.

Dated at Portland, Maine this 20th day of November, 2006.

/s/ Aaron K. Baltes ~ Bar No. 8754

Attorneys for Defendant Guy Splettstoesser

-4-

-5-

>NORMAN, HANSON & DETROY, LLC
>415 Congress Street
>P.O. Box 4600
>Portland, ME 04112-4600
>(207) 774-7000

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Certificate of Service

I hereby certify at on November 20, 2006, I electronically filed Defendant's Guy Splettstoesser's Motion for Jury Trial and Opposition to Plaintiff's Motion to Strike Defendant's Jury Trial Demand with the Clerk of Court using the Cm/ECF system which will send notification of such filing(s) to, among others, the following:

Robert Murphy, Esq.
Cathy Roberts, Esq.

/s/ Aaron K. Baltes ~ Bar No. 8754
Norman, Hanson & DeTroy, LLC
PO Box 4600
415 Congress Street
Portland, ME  04112
(207)774-7000
abaltes@nhdlaw.com