UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN HOME ASSURANCE ASSURANCE COMPANY,<br>　　　　Plaintiff,<br><br>v.<br><br>MAINE COAST MARINE CONSTRUCTION and GUY SPLETTSTOESSER,<br>　　　　Defendant. | CIVIL ACTION NO. 04-12597-JGD |

**AMERICAN HOME ASSURANCE COMPANY'S OPPOSITION TO MAINE COAST MARINE CONSTRUCTION'S MOTION IN LIMINE TO LIMIT THE SCOPE OF PLAINTIFF'S CLAIMED DAMAGES; AMERICAN HOME'S CROSS MOTION TO <u>DEFER RULING UNTIL THE TIME OF TRIAL</u>**

NOW COMES the plaintiff, American Home Assurance Company (hereinafter "American Home"), in the above captioned matter, by and through its undersigned attorney, Holbrook & Murphy, and respectfully opposes the defendant Maine Coast Marine Construction's Motion In Limine to Limit the Scope of Plaintiff's Claimed Damages.  American Home respectfully cross-moves this Honorable Court to defer ruling on Maine Coast's motion until the time of trial, as Maine Coast's he motion will likely be moot at that time.

**I. <u>BACKGROUND</u>**

This case arises out of the December 11, 2002, grounding of the Tug SEAWIND and its Crane Barge DS64 on Plum Island in Newbury, Massachusetts.  American Home insured the vessels' owner and operator under a policy of marine insurance.

American Home alleges that prior to December 11, 2002, the vessels' operator hired defendant Maine Coast to provide a licensed captain to transport the Tug and Barge from Gloucester, Massachusetts to the "Chain Bridge" job site in Amesbury, Massachusetts.  The

vessels' operator dealt directly with Captain Guy Splettstoesser, who was a 50% owner of Maine Coast and the only principal of the company who had a captain's license.

On or about December 11, 2002, with Guy Splettstoesser at the helm, the Tug SEAWIND and Barge DS64 and related tools and equipment grounded on the beach near Plum Island, at the mouth of the Merrimack River in or around Newburyport, Massachusetts. American Home alleges that the grounding was caused by the defendants' negligence.

American Home alleges that the defendants' negligence proximately caused its damages including but not limited to costs and expenses to remove the wreck from the beach.

## II. **DECLARATORY JUDGMENT**

American Home paid certain wreck removal costs under the P&I policy. However, American Home denied its Assureds' claim for damage to various tools and equipment carried aboard the Barge as not covered under the policy

In Massachusetts District Court, American Home filed a separate Declaratory Judgment action against its Assureds alleging, *inter alia*, that there was no coverage under the policy for tools and equipment carried aboard the Barge. Civil Action Number, 03-CV10318-WGY. Thereafter, American Home and its Assureds cross-moved for Summary Judgment. On June 14, 2004, Judge William G. Young partially denied American Home's Motion for Summary Judgment and partially allowed the Assureds' Motion for Summary Judgment. Thereafter, the matter proceeded to trial before Judge Young. At the close of trial, Judge Young rendered Judgment against American Home. He ordered American Home to pay its Assured an additional $33,199.87 for beach clean up costs. <u>Judge Young also held American Home liable under the insurance policy for the loss of certain tools and equipment that were carried aboard on the Barge</u>. This is the element of damages that Maine Coast seeks to exclude from the instant trial.

American Home has appealed the District Court's Judgment to the First Circuit Court of Appeals where it is currently pending.

### III. ARGUMENT

American Home is legally bound to make payments for its Assureds' lost tools and equipment pursuant to the Judgment of the district court. As such, the lost tools and equipment are a proper element of American Home's damages. *Appleman on Insurance Law and Practice (1st Ed.), Ch. 177 Subrogation in Marine Insurance §4121; Meredith v. The Ionian Trader,* 279 F.2d 471, (2nd Cir. 1960).

American Home recognizes that the mere anticipation that it will make payment of its Assureds' claims does not entitle it to bring suit for the lost tools and equipment on its own behalf as subrogee. However, because American Home is legally bound to make such payment pursuant to the district court's Judgment after trial, American Home has been actually damaged and possesses an equity interest in the tools and equipment upon which it can maintain an action. *Meredith v. The Ionian Trader,* 279 F.2d 471, (2nd Cir. 1960); see *Appleman on Insurance Law and Practice (1st Ed.), supra.*

The case law that Maine Coast cites in support of its motion does not speak to the issue. The Supreme Court opinion, *Aetna Insurance Co. v. United Fruit Co.*, 304 U.S. 430, (1938), upon which Maine Coast principally relies, concerned a fact pattern that is vastly different from the instant case. In *Aetna*, the marine insurer insured a vessel's hull. The agreed value of the hull under the policies was less than the actual value of the hull. Upon a total loss of the insured's vessel, the policies were paid in full. *Id.* at 433. Thereafter the vessel owner and his insurers jointly filed claims against the third-party wrongdoer, and recovered for the value of the vessel which greatly exceeded the sum value of the insurance policies. *Id*. The Court held that the

insurers were entitled by way of subrogation to no more than the amounts they had paid on their policies. *Id*. at 436. Therefore, the *Aetna* case stands for the proposition that the insurer cannot receive a windfall through subrogation. Here, American Home does not seek a windfall. It merely seeks reimbursement for payments it is legally obligated to make.

Similarly in *Risdal v. Universal Ins. Co.*, 232 F. Supp. 472, (D. Mass. 1964), the insured's vessel was under-insured. The insured's vessel, worth $60,000 but only insured for $30,000, was lost due to collision. *Id.* at 473. The United States District Court for the District of Massachusetts found that the owner was a 50% coinsurer and had subrogation rights to 50% of damages that his insurer collected from the other vessel. *Id.* at 474. In both of these cases cited, the court held that in subrogation actions insurers cannot recover more damages than it put itself at risk for in their insurance policies. Here, American Home seeks only to recover damages that it has been ordered to pay after trial.

The case law regarding the present issue is quite different from Maine Coast's portrayal. In the event of a total loss, as a matter of law, an insurer may maintain an action for damages it is legally bound to pay even though it has yet to make payment to the insured. *The Manistee,* 5 Biss. 381, Fed.Cas.No. 9,027, (1873), affirmed, 7 Biss. 35., Fed.Cas.No. 9,028, (1874); *Meredith v. The Ionian Trader,* 279 F.2d at 474; *Prarie State Nat. Bank of Chicago v. United States,* 164 U.S. 227 (1896); *Aetna Life Ins. Co. v. Town of Middleport,* 124 U.S. 534, (1888).

## IV. MOOTNESS

American Home and its Assureds have agreed in principal on a settlement figure concerning the lost tools and equipment. Other concerns, such as legal costs in a separate action, have not yet been resolved and the matter has not yet officially settled. As such, it is likely that American Home may have actually paid the disputed damages prior to trial and therefore Maine

Coast's motion will be moot.  As such, American Home respectfully prays that this Honorable Court defer ruling on the defendants' Motion In Limine until the time of trial as the motion may be moot.

    WHEREFORE, American Home respectfully opposes Maine Coast's Motion In Limine To Limit the Scope of Plaintiff's Claimed Damages.  American Home respectfully cross-moves this Honorable Court to defer ruling on Maine Coast's motion until the time of trial.

                                        By its attorneys,

                                        /s/ Robert J. Murphy
                                        Robert J. Murphy, BBO # 557659
                                        HOLBROOK & MURPHY
                                        15 Broad Street, Suite 900
                                        Boston, MA  02109
                                        617-428-1151
                                        holbrook_murphy@msn.com

**Certificate of Service**

    I hereby certify that on November 22, 2006, I electronically filed Plaintiff, American Home Assurance Company's Certification with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel electronically.

                                        /s/ Robert J. Murphy
                                        Robert J. Murphy, BBO # 557659
                                        HOLBROOK & MURPHY
                                        15 Broad Street, Suite 900
                                        Boston, MA  02109
                                        617-428-1151
                                        holbrook_murphy@msn.com