UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>MAINE COAST MARINE CONSTRUCTION, INC. and GUY SPLETTSTOESSER, )<br>)<br>)<br>)<br>Defendants. ) | CIVIL ACTION<br>NO. 04-12597-JGD |

**MEMORANDUM OF DECISION AND ORDER
ON PLAINTIFF'S MOTION TO
STRIKE DEFENDANTS' JURY DEMAND**

December 5, 2006

DEIN, U.S.M.J.

This matter is before the court on the motion of the plaintiff American Home Assurance Company ("American Home") to strike the defendants' jury trial demands (Docket No. 33) and the defendant Guy Splettstoesser's cross-motion for jury trial (Docket No. 36). For the reasons detailed herein, the plaintiff's motion is ALLOWED and the defendant's motion is DENIED.

**Background**

This case arises out of the grounding of the Tug SEA WIND and its Crane Barge DS64 on Plum Island in Newbury, Massachusetts, on December 11, 2002. American Home issued a marine insurance policy insuring the vessels' owner and operator.

American Home contends that the defendant Maine Coast Marine Construction ("Maine Coast Marine") and/or its 50% owner, the defendant Captain Guy Splettstoesser, were hired to transport the tug and barge, and that their negligence caused the grounding. American Home has brought suit seeking damages arising from the grounding, including, but not limited to, its costs and expenses incurred in removing the wreck from the beach.

It is undisputed that American Home brought this case pursuant to the court's admiralty jurisdiction. As it asserted in the complaint:

> This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, within the meaning of Rules 9(h), 38(e) and 82 of the Federal Rules of Civil Procedure over which this Honorable Court has jurisdiction pursuant to Title 28 U.S.C. § 1331 and Title 28 U.S.C. § 1333.

Complaint ¶ 1. It is further undisputed that the plaintiff's claims were appropriately brought as admiralty claims, and that with exceptions not here relevant, by making the Rule 9(h) election, the plaintiff had elected to proceed without a jury. See Concordia Co., Inc. v. Panek, 115 F.3d 67, 70-71 (1st Cir. 1997) ("The impact of the 9(h) election is that all claims are tried by the court, rather than the jury.") (citations omitted).

In its answer filed on April 21, 2005, Maine Coast Marine responded to the plaintiff's assertion of jurisdiction as follows: "This paragraph states a legal conclusion of the Plaintiff and requires no answer." Answer (Docket No. 3) at ¶ 1. Maine Coast Marine asserted no other jurisdictional basis for the suit, and asserted no counterclaims. Nevertheless, it demanded a jury trial. Captain Splettstoesser filed his answer on May 2, 2005. (Docket No. 7). In response to the plaintiff's jurisdictional claim, he asserted that

"Paragraph 1 of the Plaintiff's Complaint states a legal conclusion to which no answer is required by Defendant. To the extent a response is deemed required, Defendant denies the jurisdictional allegation contained in Paragraph 1 of Plaintiff's Complaint." Answer ¶ 1. However, he asserted no other jurisdictional basis for the suit, and asserted no counterclaims. He also demanded a jury trial.

The case was put on Judge Young's jury trial list for trial to begin on July 3, 2006. On or about July 4, 2006, the parties filed a pre-trial memorandum which, in passing, indicated that a jury trial was expected, but the issue was not addressed directly. See Docket No. 28 at 14 (jury should not be informed of the presence of insurance in the case). No party submitted proposed jury instructions. On July 5, 2006, the parties consented to having the case heard by a Magistrate Judge, and the case was reassigned to this session. A jury trial was scheduled for November 27, 2006. Scheduling problems arose based on the unavailability of key witnesses, and a telephone conference was held on October 27, 2006. At that time, American Home stated that it intended to move to strike the jury demands, if an agreement was not reached.

In opposing the motion to strike, the defendants' contend that this court has diversity jurisdiction, the case could proceed as a jury trial under the court's general jurisdiction, all parties assumed that the case was a jury trial, and the defendants "conducted discovery and prepared their defenses as if this matter would be presented to a jury." See Maine Coast Marine Mem. (Docket No. 35) at 4; Splettstoesser Mem.

(Docket No. 36) at 4. As Maine Coast Marine summarized its objections to the motion to strike:

> Maine Coast Marine does not dispute that American Home's claims sound in admiralty. Further, Maine Coast Marine does not dispute that in its Complaint American Home asserted the Court's admiralty jurisdiction pursuant to Rule 9(h). However, the issue before the Court is whether American Home should be permitted to move to strike the jury at this late date given the prejudice to the Defendants of having prepared this matter for well over a year for submission to a jury.

Maine Coast Marine Mem. at 5. No details of any alleged "prejudice" are provided.

## Analysis

For the reasons detailed fully in Royal Ins. Co. of Am. v. Hansen, 125 F.R.D. 5, 8 (D. Mass. 1988), where, as here, the plaintiff has made an election under Rule 9(h) to proceed under the admiralty jurisdiction of the court, the defendant cannot defeat such jurisdiction by demanding a jury. Thus, even where a defendant has asserted a counter-claim which could be tried before a jury, the plaintiff does not lose its right to proceed by way of a non-jury trial. As the court held in Concordia Co., Inc., 115 F.3d at 71, where a complaint is designated as in admiralty, but compulsory counterclaims raise a jury issue, "[s]ome courts have concluded that a plaintiff's Rule 9(h) election characterizes the whole action regardless of any Seventh Amendment right the counterclaimant may have had to a jury trial" while "[o]ther courts have allowed a separate jury trial on the common law claims[.]" Under no circumstances, however, does the filing of the counterclaim alter the plaintiff's right to proceed under the court's maritime jurisdiction. See id. In the

4

instant case, no compulsory counterclaims have been asserted and no jurisdictional basis other than admiralty has been pleaded.  There is no basis for proceeding with a jury trial.  See Becker v. Tidewater, Inc., 405 F.3d 257, 259 (5th Cir. 2005) (where plaintiff brought an admiralty suit, and defendant never asserted diversity jurisdiction or any other basis of jurisdiction which would entitle it to a jury trial, defendant was not entitled to a jury trial even if diversity existed).

 Even assuming that the plaintiff's Rule 9(h) election could be waived, the plaintiff raised its objection to the jury trial sufficiently in advance of when the case was actually likely to proceed to trial to negate any finding of waiver.  It is apparent that the parties were not prepared to go to trial on July 6, 2006, as originally scheduled.  American Home objected to the jury trial approximately a month before trial was scheduled to begin in this session.  While the matter certainly should have been resolved earlier, this court finds no support for the defendants' conclusory assertions of prejudice.  No party has submitted jury instructions, and no party has proffered exhibits specifically designed for presentation to a jury.

 American Home started this case, "brought its admiralty causes of action – and made a Rule 9(h) election – first.  Thus, it is entitled to determine the character of the litigation."  Windsor Mount Joy Mut. Ins. Co. v. Johnson, 264 F. Supp. 2d 158, 163 (D.N.J. 2003).  In light of the well-established principle that there is "no right to a jury trial in admiralty" and the absence of any real prejudice to the defendants, there is no

reason to require the plaintiff to proceed by way of a jury.  See <u>Natasha, Inc. v. Evita Marine Charters, Inc.</u>, 763 F.2d 468, 470 (1st Cir. 1985).

## **Order**

The plaintiff's motion to strike the defendants' jury demand (Docket No. 33) is ALLOWED and the defendant Guy Splettstoesser's cross-motion for jury trial (Docket No. 36) is DENIED.  The parties are to submit a joint status report by December 15, 2006 identifying available dates for trial in January and February, 2007.

                    / s / Judith Gail Dein
                    Judith Gail Dein
                    United States Magistrate Judge