UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br>　　　Plaintiff | )<br>)<br>)<br>) | Civil Action Number<br>04-cv-12597-JGD |
| vs. | )<br>) | |
| MAIN COAST MARINE CONSTRUCTION | )<br>)<br>) | |
| AND | )<br>) | |
| GUY SPLETTSTOESSER,<br>　　　Defendants | )<br>)<br>) | |

**AMERICAN HOME ASSURANCE COMPANY'S MOTION TO MODIFY SUBPOENA ISSUED BY MAINE COAST MARINE CONSTRUCTION TO PROTECT A TRIAL WITNESS FROM UNDUE BURDEN**

Now comes American Home Assurance Company, in the above captioned matter, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and respectfully moves this Honorable Court to modify a subpoena issued by Maine Coast Marine Construction to Melody Hale, in order to protect the witness from undue burden.

The subpoena issued by Maine Coast Marine Construction will require Ms. Hale to provide trial testimony on two separate occasions: once live at trial and once by way of video tape deposition to "preserve" her trial testimony.

This unusual situation arises because the witness resides in excess of 100 miles from the Courthouse and therefore Maine Coast Marine Construction cannot subpoena her to testify live at trial. Counsel for Maine Coast Marine Construction is apparently uncomfortable with the witness's assurance that she will voluntarily appear at trial and provide live testimony.

In accordance with the witness's wishes, American Home respectfully moves this Honorable Court to modify the subpoena issued by Maine Coast Marine Construction and order the witness to appear for trial. FRCP 45(3)(A)(iv) requires the Court to quash or modify a subpoena if it subjects a person to undue burden. FRCP 45 (c)(3)(B)(iii) allows the Court to modify a subpoena and order a witness to travel in excess of 100 miles to appear at trial. By modifying the subpoena issued by Main Coast Marine Construction this Honorable Court will strike a fair balance between protecting the witness from undue burden and assuaging Maine Coast's concern that the witness appear at trial.

In further support of this Motion, American Home relies on its memorandum of Law, filed herewith.

WHEREFORE, American Home respectfully moves this Honorable Court to modify the subpoena issued by Maine Coast Marine Construction to Melody Hale, in order to protect the witness from undue burden.

By its attorney,

/s/ Robert J. Murphy
Robert J. Murphy BBO No.: 557659
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

Local Rule Certificate

The undersigned counsel hereby certifies that prior to filing the within motion he contacted opposing counsel in an unsuccessful effort to narrow or eliminate the areas of dispute.

Certificate of Service

I hereby certify that on April 6, 2007, I electronically filed <u>AMERICAN HOME ASSURANCE COMPANY'S MOTION TO MODIFY SUBPOENA ISSUED BY MAINE COAST MARINE CONSTRUCTION TO PROTECT A TRIAL WITNESS FROM UNDUE BURDEN</u>, with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

/s/ Robert J. Murphy
Robert J. Murphy BBO No.: 557659
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

**From:** Charles Remmel
**To:** Cathy S. Roberts ; Holbrook & Murphy
**Cc:** Aaron K. Baltes
**Sent:** Monday, April 02, 2007 3:05 PM
**Subject:** RE: Am Home case- Melody Hale deposition of April 3, 2007

Cathy-As you know, I am not counsel in your case with Bob Murphy. I also think it is fair to say I have not involved myself in your discussions with Bob about whether this deposition should proceed. . I did inquire if Bob's email that the deposition was not likely to occur was accurate, and you said that was not resolved, which I reported to him. I do represent Fore River, and I called you because Melody Hale, an employee, has not been in a deposition before to my knowledge, and was nervous, and I asked if you could share what would likely be covered

U. Charles Remmel, II, Esq.
KELLY, REMMEL & ZIMMERMAN
53 Exchange Street
P.O. Box 597
Portland, ME 04112
Telephone: (207) 775-1020
Fax: (207) 773-4895
email: cremmel@krz.com

---

**From:** Cathy S. Roberts [mailto:croberts@thompsonbowie.com]
**Sent:** Monday, April 02, 2007 2:44 PM
**To:** Holbrook & Murphy; Charles Remmel
**Cc:** Aaron K. Baltes
**Subject:** Am Home case- Melody Hale deposition of April 3, 2007

Bob,

I appreciate your (voice mail) offer to produce Melody Hale at trial and to have her waive the geographical 100 mile limit requirement. My discussions with you previous have not given me a satisfactory level of confidence that you are in a position to produce this witness, hence the subpoena. I am under the impression that Attorney Remmel is more in control of this witness than you are, but he is not a party to the case. Moreover, the last time I talked with him about Melody's appearance, he made the offhand statement that "I suppose she could get hit by a bus." While I appreciate this may have been an attempt at humor, I need the testimony of Melody Hale. I do not feel comfortable with the triangular nature of the assurances provided to date on a witness critical to my case.

I plan to go forward tomorrow as scheduled. As an alternative I would agree to conduct her videotaped deposition at my office on April 12, 2007, provided we do so without your seeking any court intervention and provided that Attorney Remmel will vouch for her appearance and honoring the current subpoena in Portland on April 12th. If it is too late to accomplish this, we have a subpoena that is valid in place for tomorrow.

Let me know which of the above you wish to do. In order to expedite this, I am sending a copy to Attorney Remmel. If I don't hear from him by 4:30 p.m., we will plan on going ahead tomorrow.

Cathy


Cathy S. Roberts, Esq.
Thompson & Bowie, LLP
3 Canal Plaza
Portland, Maine 04112
Phone: (207) 774-2500
Fax: (207) 774-3591


Notice: This e-mail message and all attachments transmitted is intended solely for the use of the person(s) to whom it is addressed only, and may contain confidential material that is legally privileged under work product, attorney-client communications or other privileges. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (207-774-2500) or by electronic mail law@thompsonbowie.com, and delete this message and all copies and backups thereof. Thank you.

Cathy S. Roberts, Esq.
Thompson & Bowie, LLP
3 Canal Plaza
Portland, Maine 04112
Phone: (207) 774-2500
Fax: (207) 774-3591


Notice: This e-mail message and all attachments transmitted is intended solely for the use of the person(s) to whom it is addressed only, and may contain confidential material that is legally privileged under work product, attorney-client communications or other privileges. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or its attachments is strictly prohibited. If you have received this message in error, please notify the sender immediately by telephone (207-774-2500) or by electronic mail law@thompsonbowie.com, and delete this message and all copies and backups thereof. Thank you.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AMERICAN HOME ASSURANCE COMPANY, <br>     Plaintiff <br><br> vs. <br><br> MAIN COAST MARINE CONSTRUCTION <br><br> AND <br><br> GUY SPLETTSTOESSER, <br>     Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action Number <br> 04-cv-12597-JGD |

**AMERICAN HOME ASSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO MODIFY SUBPOENA ISSUED BY MAINE COAST MARINE CONSTRUCTION TO PROTECT A TRIAL WITNESS FROM UNDUE BURDEN**

Now comes American Home Assurance Company, in the above captioned matter, pursuant to Rule 45 of the Federal Rules of Civil Procedure, and respectfully moves this Honorable Court to modify a subpoena issued by Maine Coast Marine Construction to Melody Hale, in order to protect the witness from undue burden. In accordance with the witness's wishes, American Home respectfully moves this Honorable Court to modify the subpoena such that Ms. Hale will testify once, in person at trial, as opposed to providing trial testimony on two occasions: at trial and by way of a video tape deposition. In support of this motion, American Home states the following:

This case arises out of the December 11, 2002, grounding of the Tug SEAWIND and the Barge DS64. American Home brings this case as the subrogee of, *inter alia*, Fore River Dock & Dredge, Inc., a Maine Corporation with a principal place of business in

Portland Maine. The witness in question, Melody Hale, is a resident of the state of Maine and the wife of Fore River's principal, Roger Hale. She is also a bookkeeper employed by the corporation.

Maine Coast Marine Construction has subpoenaed Ms. Hale for a video-tape deposition, in order to preserve her trial testimony, to take place in Portland, Maine on April 23, 2007. According to counsel for Maine Coast, the ONLY reason for the video tape deposition is because the witness lives in excess of 100 miles from the Courthouse and therefore, under FRCP 45 (c)(3)(B)(iii), Main Coast Marine Construction cannot subpoena her to testify at trial in Boston. (Upon information and belief, the witness resides approximately 110 miles from the Courthouse in Boston).

However, the witness has agreed (in writing through counsel) to waive the 100 mile limitation on Maine Coast Marine Construction's ability to compel her attendance at trial. As a result, Maine Coast Marine Construction DOES have the ability to subpoena the witness to appear live at trial. Significantly, American Home intends to call Melody Hale as a live witness at trial, and she has agreed to cooperate and appear at trial.

Ms. Hale's agreement to waive the 100 mile limitation found in FRCP 45, and voluntarily appear at trial, is apparently insufficient to Maine Coast Marine Construction, whose counsel has expressed concern regarding the "triangular nature of the assurances provided" with regard to insuring the witness's attendance at trial.

Pursuant to FRCP 45 (c)(3)(B)(iii) this Honorable Court may order the witness to travel in excess of 100 miles and appear at trial. American Home respectfully asserts that such an order is in the interests of justice as it will protect the witness from the undue

burden of providing trial testimony on two separate occasions, while simultaneously assuaging any concern Maine Coast may have regarding the witness's attendance at trial.

The Federal Rules of Civil Procedure charge an attorney issuing a subpoena with an affirmative obligation to take reasonable steps to avoid imposing undue burden on a person subject to that subpoena. Likewise, the Federal Rules <u>require</u> that the court enforce this obligation. FRCP 45 (c)(1) provides in pertinent part:

> **(c)     Protection of Persons Subject to Subpoenas**
>
> (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction….

Counsel for Melody Hale's employer previously informed counsel for Maine Coast that, to his knowledge, Melody Hale had never testified at deposition before and that she was nervous regarding same. (Please see e-mail from Attorney Remmel to Attorney Roberts, attached as Exhibit 1). Certainly, this is to be expected of any witness, especially one who is unfamiliar with the judicial process. Moreover, Ms. Hale's employment as a bookkeeper in a family-run business is unlikely to have provided her with considerable experience in public speaking or testifying.

Melody Hale is not a party to this lawsuit. Neither she, her family nor Fore River Dock & Dredge have a financial interest in this subrogation action. Requiring her to attend trial and provide trial testimony on two separate occasions is clearly burdensome. FRCP 45 requires the Court to quash or modify a

subpoena if it subjects a person to undue burden.  FRCP 45(c)(3)(A)(iv) provides in pertinent part:

> (3)(A)  On timely motion, the court by which a subpoena was issued **shall** quash or modify the subpoena if it
>
> (iv)  subjects a person to undue burden.  (emphasis added).

By modifying the subpoena issued by Main Coast Marine Construction this Honorable Court will strike a fair balance between protecting the witness from undue burden and assuaging Maine Coast's concern that the witness appear at trial.

By its attorney,

/s/ Robert J. Murphy
Robert J. Murphy BBO No.: 557659
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com

<u>Local Rule Certificate</u>

The undersigned counsel hereby certifies that prior to filing the within motion he contacted opposing counsel in an unsuccessful effort to narrow or eliminate the areas of dispute.

<u>Certificate of Service</u>

I hereby certify that on April 6, 2007, I electronically filed <u>AMERICAN HOME ASSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF ITS MOTION TO MODIFY SUBPOENA ISSUED BY MAINE COAST MARINE CONSTRUCTION TO PROTECT A TRIAL WITNESS FROM UNDUE BURDEN</u>, with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record.

<u>/s/ Robert J. Murphy</u>
Robert J. Murphy BBO No.: 557659
Holbrook & Murphy
238-240 Lewis Wharf
Boston, MA 02110
(617) 428-1151
holbrook_murphy@msn.com