UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY, ) ) ) | |
| Plaintiff ) ) | |
| v. ) ) | Case No. 1:04-cv-12597-JGD |
| MAINE COAST MARINE CONSTRUCTION, INC. and GUY SPLETTSTOESSER, ) ) ) ) | |
| Defendants ) | |

## DEFENDANT MAINE COAST MARINE CONSTRUCTION'S OBJECTION TO PLAINTIFF'S MOTION TO MODIFY SUBPOENA TO CONDUCT VIDEOTAPED DEPOSITION OF MELODY HALE

NOW COMES Defendant Maine Coast Marine Construction, by and through its counsel, Thompson & Bowie, LLP, and objects to Plaintiff's Motion to Modify Subpoena to Conduct Videotaped Deposition of Melody Hale for reasons set forth below.

Plaintiff's motion, by its title, purports to seek modification of the subpoena that was properly served on Melody Hale on March 15, 2007, a copy of which is attached hereto as Exhibit A. Yet, in its memorandum and argument, American Home asks the Court to essentially quash the subpoena that commanded Ms. Hale to appear for a videotaped deposition in Portland, Maine and further asks the court to issue an order commanding Ms. Hale to appear at trial. The action American Home requests exceeds the Court's authority.

**Backgound of Subpoena for Melody Hale**

Service of the subpoena, Exhibit A, was made on March 15, 2007. Proper service is not contested, nor is the time for compliance deemed unreasonable. On April 2, 2007 American Home's attorney telephoned the Court to request an emergency order to prevent the April 3, 2007 deposition from going forward. The Court was unavailable due to holiday leave and counsel agreed to reschedule the deposition, so that the court might address the Plaintiff's objections to the videotaped deposition when she returned from leave and in advance of the deposition.[1] American Home subsequently filed the subject motion.

**Melody Hale's Expected Testimony**

Melody Hale is the wife of Roger A. Hale, the principal of Fore River Dock & Dredge. She has been employed by Fore River Dock & Dredge as their full time bookkeeper for many years; and she held this position at the time of the subject grounding incident. Melody Hale resides in Limington, Maine and works at Fore River's Portland, Maine office on Commercial Street. Both her residence and place of work are more than 100 miles from the Boston, Massachusetts Federal District Courthouse. The distance from her home to the location where the videotaped deposition is set to take place is less than 30 miles. Her place of work is less than a mile from the law office she has been subpoenaed to for her deposition.

---

[1] Plaintiff's counsel agreed Maine Coast did not have to re-serve Melody Hale and that by agreement the date of the deposition would be revised to occur on April 23, 2007, subject to the Court's intervention.

Although not a party to this subrogation lawsuit, Melody Hale is a key witness. Based upon information and belief, as bookkeeper she signed checks on behalf of Fore River, and she had familiarity with Fore River's bookkeeping practices at the time of the grounding and in the years prior to the grounding. Fore River's financial dealings with Maine Coast as a company and Fore River's financial dealings with Guy Splettstoesser, as an individual, are relevant to a determination of whether Guy Splettstoesser was acting in the scope of his employment when the grounding accident occurred in Newbury, Massachusetts.

**Argument**

Maine Coast Marine Construction should be allowed to obtain and preserve testimony of a critical witness by taking her deposition here in Maine in the event this witness fails to appear at trial <u>for any reason</u>. The circumstances and terms of this subpoena (Exhibit A) do not meet the criteria for being modified or quashed that are set forth in Rule 45. Neither does the court have the power to compel the witness, who is a Maine resident, to attend trial more than 100 miles from her home and place of work.

F.R.Civ.P. 45(c) (3) authorizes the court to quash or modify a subpoena as a means of protecting a witness from misuse of the subpoena power. Subparagraph (c)(3)(A) provides:

> (3)(A)  On timely motion, the court by which a subpoena was
> issued shall quash or modify the subpoena if it
>     (i) fails to allow reasonable time for compliance;
>     (ii) requires a person who is not a party or any officer
> of a party to travel to a place more than 100 miles from the
> place where that person resides, is employed or regularly
> transacts business in person, except that, subject to the

>provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
>    (iii)  requires disclosure of privileged or other protected matter an no exception or waiver applies, or
>    (iv) subjects a person to undue burden

According to subparagraph (c)(3)(ii), a federal court can compel a witness to come from any place <u>in the state</u> to attend trial.  This provision allows the Court to extend the 100 mile limit for travel within the state of Massachusetts.  It does not allow the Court to compel a witness from Maine to travel more than 100 miles to the Massachusetts federal court house.  "A nonparty who is not within the state in which the district court sits and not within 100 miles of the court may not be compelled to attend a hearing or trial." Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, Vol. 9A, § 2461, 62 n.5 (2d ed. West Publishing Co. 1994).

American Home's interpretation of the court's ability to modify the subpoena Maine Coast issued is strained and unprecedented.  Specifically, the subpoena served upon Melody Hale does not and did not (i) fail to allow reasonable time for compliance; it does not (ii) require Ms. Hale to travel more than 100 miles; it does not (iii) require disclosure of an unretained expert's opinion; and it does not (iv) <u>subject Melody Hale to undue burden</u>.

Pursuant to the Federal Rules of Civil Procedure, civil litigation witnesses are frequently required to give deposition testimony before being required to testify again at trial.  Likewise, witnesses frequently are required to submit to depositions taken to preserve the witness's testimony in the event he or she is "unavailable" to attend trial.

Plaintiff has failed to provide any authority for its argument that Melody Hale's compliance with the subject subpoena would subject Melody Hale to "undue burden" within the meaning of Rule 45(3)(A)(iv). In fact, The Advisory Notes to Rule 45 provide insight as to what the drafters of the rule intended by the this phrase. The notes of the Advisory committee state:

> Clause(c)(3)(B)(iv) requires the court to protect all persons from undue burden imposed by the use of subpoena power. Illustratively, it might be unduly burdensome to compel an adversary to attend trial as a witness if the adversary is known to have no personal knowledge of matters in dispute, especially so if the adversary would be required to incur substantial travel burdens.

Fed.R.Civ.P. 45(3)(A)(iv) (Advisory Note 1991). Maine Coast submits that the two hour drive to Boston from Portland, Maine to appear at trial does not qualify as an "undue burden." Should the Court decide to quash the subpoena for whatever reason, it is respectfully submitted Maine Coast would stand to lose the ability to present this key witness's testimony at trial.

Six months ago, American Home declared it was unable to guarantee the attendance of the insureds/subrogors (Roger P. Hale and Roger A. Hale) at this trial. (See Exhibit B, attached email dated September 21, 2006.) At that time, they encouraged Maine Coast Marine Construction to take whatever steps necessary to protect its interests.

American Home is not asking for modification, but is asking the court to quash the subject subpoena and to then issue a court order that is beyond the court's power. Maine Coast has taken the least burdensome and most reasonable measure possible to preserve

and to present this witness's testimony. The videotaped deposition should be allowed to proceed on April 23, 2007 in accordance with the subpoena served on Ms. Hale.

Dated at Portland, Maine this 11th day of April, 2007.

/s/ Cathy S. Roberts
Cathy S. Roberts, Esq. (BBO#547407)
Attorney for Defendant Maine Coast
Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
Phone: (207) 774-2500
Fax:    (207) 774-3591
Email: croberts@thompsonbowie.com

6

## CERTIFICATE OF SERVICE

I, Cathy S. Roberts, attorney for Defendant Maine Coast Marine Construction, hereby certify that on this date I made service of the foregoing document titled "Defendant Maine Coast Marine Construction's Objection to Plaintiff's Motion to Modify Subpoena to Conduct Videotaped Deposition of Melody Hale" with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following:

> Robert J. Murphy, Esq.
> Holbrook & Murphy
> 15 Broad Street – Suite 900
> Boston, MA  02109
>
> Michael S. D'Orsi, Esq.
> Donnelly, Conroy & Gelhaar, LLP
> One Beacon Street, 33rd Floor
> Boston, MA  02108
>
> Aaron K. Baltes
> Norman, Hanson & DeTroy, LLC
> 415 Congress Street
> P.O. Box 4600
> Portland, ME  04112-4600

Dated at Portland, Maine this 11th day of April, 2007.

/s/ Cathy S. Roberts
Cathy S. Roberts, Esq. (BBO#547407)
Attorney for Defendant
Maine Coast Marine Construction

THOMPSON & BOWIE, LLP
Three Canal Plaza
P.O. Box 4630
Portland, ME  04112
(207) 774-2500

EXHIBIT A

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

DISTRICT OF **Massachusetts**

American Home Assurance Company

V.

Maine Coast Marine Construction, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 1:04-cv-12597-JGD

TO: Melody Hale
11 Melody Lane
Limington, ME 04049

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Thompson & Bowie, LLP, Three Canal Plaza, Second Floor, Portland, Maine | 4/3/2007 10:00 am |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Cathy S. Roberts  Attorney for Defendant Maine Coast Marine Construction | 2/22/2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Cathy S. Roberts, Esq., Thompson & Bowie, LLP, Three Canal Plaza, P.O. Box 4630, Portland, ME 04112
(207) 774-2500

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 03\15\07 | General Marine Construction |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Melody Hale | In hand |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Linda B. Benjamin | Litigation Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  03\15\07
                DATE

_Linda Benjamin_
SIGNATURE OF SERVER

Thompson & Bowie, LLP
P.O. Box 4630
Portland, ME 04112

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
  (i) fails to allow reasonable time for compliance;
  (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
  (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
  (iv) subjects a person to undue burden.
(B) If a subpoena
  (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
  (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
  (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

**Cathy S. Roberts**

| | |
|---|---|
| **From:** | Holbrook & Murphy [holbrook_murphy@msn.com] |
| **Sent:** | Thursday, September 21, 2006 11:21 AM |
| **To:** | Cathy S. Roberts |
| **Cc:** | Daniel_Watts@swissre.com |
| **Subject:** | Re: American Home trial [html][mx] |

EXHIBIT
B

Cathy,

I am obviously not in a position to guarantee the attendance of these witnesses at our trial and as such you should protect your client's interests as you see fit.

I am not inclined to seek protection from being called to trial or a continuance.

Regards,
Bob

> ----- Original Message -----
> From: Cathy S. Roberts
> To: Holbrook & Murphy
> Cc: Daniel_Watts@swissre.com
> Sent: Thursday, September 21, 2006 11:10 AM
> Subject: American Home trial
>
> Bob,
>
> Today I received Mark Furey's request for protection from being called to trial in the Maine case while Roger P. Hale is in the Bahamas from November 7, 2006 through December 6, 2006. As you know, all of the parties listed him as a witness for the American Home case which is specially assigned to begin in Boston on November 27, 2006. You have not requested any similar protection.
>
> Please tell me whether you will produce Roger P. Hale, his son and his daughter in law as witnesses for the the November federal court trial. I will have to address this with the court on Monday morning, barring a settlement of the case(s) tomorrow.
> Thanks, Bob.
>
> Cathy
>
>
> Cathy S. Roberts, Esq.
> Thompson & Bowie, LLP
> 3 Canal Plaza
> Portland, Maine 04112
> Phone: (207) 774-2500
> Fax: (207) 774-3591
>
>
> Notice: This e-mail message and all attachments transmitted is intended solely for the use of the person(s) to whom it is addressed only, and may contain confidential material that is legally privileged under work product, attorney-client communications or other privileges. If the reader of this message is not the intended recipient, you are hereby notified that any reading, dissemination, distribution, copying, or other use of this message or