UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| AMERICAN HOME ASSURANCE COMPANY,<br>　　Plaintiff<br><br>v.<br><br>MAINE COAST MARINE CONSTRUCTION, INC. and GUY SPLETTSTOESSER<br>　　Defendants | CIVIL ACTION<br>DOCKET NO. 04-12597 |

### DEFENDANT GUY SPLETTSTOESSER'S TRIAL BRIEF

**NOW COMES** Defendant Guy Splettstoesser, by and through counsel, Donnelly, Conroy & Gelhaar, LLP and Norman, Hanson & DeTroy, LLC, and pursuant to Local Rule 16.5(F) and the Order Setting Case for Trial dated January 12, 2007 hereby submits his trial brief.

### Proposed Findings of Fact/Rulings of Law

In addition to the Facts Established by Pleadings or by Stipulation or Admissions of Counsel as set forth in section two of the parties Joint Pre-Trial Memorandum, Defendant Guy Splettstoesser submits the following proposed findings of fact/rulings of law:

1. Fore River Dock & Dredge, Inc. ("Fore River") made the decision to use the tugboat SEAWIND II instead of the tugboat ALBANY on December 11, 2002, the date of the grounding.

2. Fore River decided it was safe to transport the Barge DS64 from the Annisquam River near Gloucester, Massachusetts to the Merrimack River near

Newbury, Massachusetts using the tugboat SEAWIND II based on the existing and forecasted weather conditions.

3. Defendant Guy Splettstoesser agreed with Fore River that it was safe to transport the Barge DS64 from the Annisquam River near Gloucester, Massachusetts to the Merrimack River near Newbury, Massachusetts using the tugboat SEAWIND II based on the existing and forecasted weather conditions.

4. During the voyage the weather worsened earlier than forecasted, resulting in the voyage being delayed and an arrival at the mouth of the Merrimack River under adverse tidal conditions.

5. The December 11, 2002 grounding was a mere accident not caused by anyone's negligence and/or fault.

6. Defendant Guy Splettstoesser was not negligent and/or at fault for the December 11, 2002 grounding.

7. Defendant Guy Splettstoesser is not liable to American Home Assurance Company ("American Home") for the December 11, 2002 grounding.

8. To the extent that anyone was negligent and/or at fault, Fore River was negligent and/or at fault for the December 11, 2002 grounding.

9. To the extent that Defendant Guy Splettstoesser bears any liability, the contributory negligence of Fore River should reduce any damages awarded by 90%.

10. American Home paid Fore River to remove the tugboat SEAWIND II from Plum Island in Newbury, Massachusetts.

11. Fore River promptly removed the tugboat SEAWIND II from Plum Island in Newbury, Massachusetts in December 2002.

12. Fore River was willing and able to remove the Barge DS64 from Plum Island in Newbury, Massachusetts in December 2002.

13. American Home elected not to pay Fore River to remove the Barge DS64 from Plum Island in Newbury, Massachusetts.

14. American Home spent several months selecting an alternative contractor to remove the Barge DS64 from Plum Island in Newbury, Massachusetts.

15. American Home's delay in having the Barge DS64 removed from Plum Island in Newbury, Massachusetts resulted in significant portions of the Barge breaking up and being deposited in and around the beach at Plum Island and substantially increased barge removal and clean up expenses.

16. American Home's delay in having the Barge DS64 removed from Plum Island in Newbury, Massachusetts constitutes a failure to mitigate damages.

17. To the extent that Defendant Guy Splettstoesser bears any liability, the failure to mitigate damages by American Home should reduce any damages awarded by 75%.

GUY SPLETTSTOESSER

By his attorneys,

/s/ Michael S. D'Orsi
T. Christopher Donnelly (BBO #129930)
Michael S. D'Orsi (BBO #566960)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33d Floor
Boston, MA 02108
(617) 720-2880
tcd@dcglaw.com
msd@dcglaw.com

Aaron K. Baltes (*pro hac vice*)
NORMAN, HANSON & DETROY, LLC
415 Congress Street
P.O. Box 4600
Portland, ME 04112-4600
(207) 774-7000
abaltes@nhdlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 23, 2007.

Date: April 23, 2007

/s/ Michael S. D'Orsi